(137 So. 397)

### RAGLAND v. DUKE et al.

7 Div. 37.

Supreme Court of Alabama.

Oct. 8, 1931.

Rehearing Denied Nov. 19, 1931.

Culli, Hunt & Culli, of Gadsden, for appellant.

O. R. Hood and Harwell G. Davis, both of Gadsden, for appellees.

FOSTER, J.

We may agree with the contention of counsel for appellees that, in this case, unless appellees had knowledge of the existence and presence of the explosives, or were chargeable with notice of their explosive character, they would not be liable to plaintiff for the injuries caused by such explosion. 25 Corpus Juris, 185.

It is also true that a complaint in such a case must allege that the conduct of defendant in respect to the explosives created a nuisance or was negligent. Whaley v. Sloss-Sheffield Steel & Iron Co., 164 Ala. 216, 51 So. 419, 20 Ann. Cas. 822; Kinney v. Koopman, 116 Ala. 310, 22 So. 593; Rudder v. Koopman, 116 Ala. 332, 22 So. 601, 37 L. R. A. 489; Chambers v. Milner Coal & R. Co., 143 Ala. 255, 39 So. 170.

But, when the complaint alleges that defendants negligently placed the explosive in a highway, or in the possession of plaintiff, a minor of tender years, it sufficiently shows that they knew it was explosive in character or were negligent in not knowing it. It is not customary or necessary in a complaint of that nature to allege such knowledge or notice, when the conduct of defendant is charged in it to be negligent. Wells v. Gallagher, 144 Ala. 363, 39 So. 747, 3 L. R. A. (N. S.) 759, 113 Am. St. Rep. 50; Bryan v. Stewart, 194 Ala. 353, 70 So. 123; Sloss-Sheffield Steel & I. Co. v. Salser, 158 Ala. 511, 48 So. 374; Robinson Min. Co. v. Tolbert, 132 Ala. 462, 466, 31 So. 519; Williams v. Bolding, 220 Ala. 328, 124 So. 892; City of Birmingham v. Norwood, 220 Ala. 497, 126 So. 619; Walker County v. Davis, 221 Ala. 195, 128 So. 144; City of Birmingham v. Ferguson, 207 Ala. 430, 93 So. 4; Lord v. City of Mobile, 113 Ala. 360, 21 So.

576

366; and many others are cited in these cases. For there cannot be negligence in respect to it, without actual or imputed notice of the fact that it was an explosive.

This is not to be confused with the principle that, when the act which caused the injury is specified and is not negligent within itself, but only when the actor has notice of the danger of some one else with respect to it, it should be alleged that the actor had notice of the dangerous position of such other. Southern R. Co. v. Dickson, 211 Ala. 481, 100 So. 665; Birmingham Ore & M. Co. v. Grover, 159 Ala. 276, 48 So. 682.

Count 1 alleges that defendants negligently placed upon or in a public street or highway (naming it) in Gadsden a drum or barrel which contained a highly explosive substance. Being in a street, defendant should anticipate the proximity to it of children and others who have a right to be there. If defendant had no actual or imputed notice that it was explosive as alleged, it was not negligent in placing in the street the barrel containing an explosive. The count was not therefore subject to the demurrer on account of a failure to allege notice of its explosive qualities.

Counts 2, A, B, C, D, E, and F are likewise free from such objection for the reasons we have indicated.

The judgment of the circuit court must therefore be reversed, and the cause remanded.

Reversed and remanded.

ANDERSON, C. J., and GARDNER and BOULDIN, JJ., concur.