12 So.2d 96
### MOTOR TERMINAL & TRANSPORTATION CO., Inc., v. MILLICAN.
### 6 Div. 27.

Supreme Court of Alabama.

Feb. 18, 1943.

Harsh & Hare and F. D. McArthur, all of Birmingham, for appellee.

London & Yancey, Geo. W. Yancey, and Fred G. Koenig, Sr., all of Birmingham, for appellant.

LAWSON, Justice.

The appellee, plaintiff below, brought suit against the Georgia Motor Express, Inc., and Motor Terminal & Transportation Company, a corporation, to recover damages for personal injuries received by him when he was hit and knocked down by a tire and rim which had become detached from the wheel of a truck owned by Georgia Motor Express, but which was being operated at the time by Motor Terminal & Transportation Company.

The trial resulted in verdict and judgment for the plaintiff against both defendants in the amount of $4,000. Georgia Motor Express did not appeal. The case is here on appeal by Motor Terminal & Transportation Company.

The complaint as originally filed consisted of two counts, and was amended by the addition of several other counts. However, the only one to reach the jury was count A, which in substance charged that on August 30, 1940, the defendant Georgia Motor Express owned a certain motor truck, which it supplied to the defendant Motor Terminal & Transportation Company, for the purpose of hauling freight over the public streets of the City of Birmingham; that both defendants had knowledge of the fact that the said truck was in a defective condition and not reasonably safe for operation on the public streets; that on said date the defendants negligently caused or negligently allowed said motor truck to be operated along a public street in the City of Birmingham, in a condition not reasonably safe to be so operated, and as a proximate consequence of said negligence of the defendants, a tire and rim became detached from said truck while it was in motion and rolled to the place where the plaintiff was standing or walking upon a public sidewalk of said City, where he had a right to be, and struck the plaintiff a violent blow in the back, thereby injuring him.

The defendant pleaded in short by consent in the usual form.

Appellant insists it was entitled to the affirmative charge for the reason that the evidence shows that the defect which caused the tire and rim to become detached from the wheel was not an obvious defect, but a latent or hidden defect, of which the appellant did not have knowledge.

The defendants, both engaged in the business of hauling freight, operated out of the same terminal, located at 1301–1st Avenue, North, in the City of Birmingham. On the afternoon of August 30, 1940, the appellant obtained the permission of the Georgia Motor Express to use one of the latter's trucks for the purpose of picking up and delivering freight in the City of Birmingham. The truck driven on that occasion by one Whitson, an employee of the appellant, was travelling east on 8th Avenue, North, between 20th and 21st Streets, when a rim and tire became detached from the truck and rolled east on 8th Avenue, a distance variously estimated as being from 150 to 400 feet, to the northeast corner of the intersection of 8th Avenue and 21st Street, where it struck the plaintiff in the back, rendering him unconscious and otherwise injuring him. The plaintiff was standing on the sidewalk waiting on a street car at the time that he was hit. The truck was equipped with dual rear wheels, two on the right and two on the left. It was the right rear outside tire and rim which became detached and struck the plaintiff. The truck was moving slowly at the time and the driver testified that shortly before he saw the tire and rim pass the truck he heard a loud noise as if one of the tires had blown out, and after he stopped the truck he found that the right rear inside tire was deflated and that the threads which held the tire and rim on the wheel were stripped and were old, rusty and worn.

The exact number of years that the truck had been in operation is not shown by the evidence, but it was generally referred to as an old truck. One witness identified it as a 1932 model, while another stated that the particular model was manufactured from 1933 to 1936.

Whitson, who was driving the truck at the time of the accident as an employee of appellant, testified for the plaintiff and stated that when he was ordered to drive the truck he told Mr. Vines, the dispatcher for the appellant, that the truck was not in condition to drive, but he was told to take his choice of the truck which was involved in the accident or another truck owned by the Georgia Motor Express which was also in poor condition, and that the choice he made was due to the fact that the truck he was driving had a good seat in it. He further testified that he had been told by one of the drivers for the Georgia Motor Express prior to the date of the accident that the wheels on the truck had come off while it was in operation. That he had seen the mechanic for the Georgia Motor Express fixing a wheel that came off the truck about a week before the accident and that the mechanic spent about half of his time working on the particular truck involved in the accident.

The testimony of Charles E. Vinson, a witness for the plaintiff, was to the effect that while he was in the employ of the Georgia Motor Express as a truck driver, he had driven the truck which was

involved in the accident and that on two different occasions when he was driving it a wheel of the truck came off. On one occasion the right front wheel came off and on the other the left rear outside wheel came off. He notified his employer of this fact.

One Vines, who was the dispatcher for the appellant at the time of the accident, was a witness for the defendant and denied that Whitson, the driver, told him that the truck was not in condition to drive before it was driven out of the terminal. He stated that Whitson made no comment whatsoever, but got in the truck in compliance with orders from the witness and drove off. He admitted, however, on cross-examination, that he knew the truck was old and that it had given trouble before. That all of the employees of the appellant knew that a wheel had come off the truck on a prior occasion and that he had "kidded" the employees of the Georgia Motor Express about it.

A mechanic in the employ of the Georgia Motor Express testified that he checked the wheels on the truck on the morning of the accident and that they were in good order. There is nothing in the evidence, however, to indicate that at the time the appellant ordered Whitson, the driver, to use the truck that it had knowledge of the fact that the wheels of the truck had been inspected by the mechanic on that morning. In fact, appellant's answers to plaintiff's interrogatories contain a statement to the effect that they had no such knowledge.

■ The principle is well established that it is negligence to use an instrumentality which the actor knows or should know to be so defective that its use involves an unreasonable risk of harm to others. If the use of the instrumentality threatens serious danger to others unless it is in good condition, there is a duty to take reasonable care to ascertain its condition by inspection. Tannahill v. Depositors' Oil & Gas Co., 110 Kan. 254, 203 P. 909; Petersen et al. v. Seattle Automobile Co., 149 Wash. 648, 271 P. 1001; Sears v. Interurban Transp. Co., 14 La.App. 343, 125 So. 748; Holt v. Eastern Motor Co., 65 Ga.App. 502, 15 S.E.2d 895; Dostie v. Lewiston Crushed Stone Co., 136 Me. 284, 8 A.2d 393.

■■ In Huddy Automobile Law, Vol. 3–4, p. 127 et seq., the following rule, as applied to motor vehicles, has been laid down in this language:

"Generally speaking, it is the duty of one operating a motor vehicle on the public highways to see that it is in reasonably good condition and properly equipped, so that it may be at all times controlled, and not become a source of danger to its occupants or to other travellers.

"To this end, the owner or operator of a motor vehicle must exercise reasonable care in the inspection of the machine, and is chargeable with notice of everything that such inspection would disclose. This rule applies where the operator is the owner of the vehicle or rents it from another, or permits another to use it, or lets it to another for hire. But in the absence of anything to show that the appliances were defective, the owner or driver is not required to inspect them before using the car or permitting it to be used."

In the case of Saunders System Birmingham Co. v. Adams, 217 Ala. 621, 117 So. 72, 73, 61 A.L.R. 1333, the appellant, who was engaged in the business of renting automobiles for hire, was sued by a person who was injured as a result of a collision between plaintiff's car and the car belonging to appellant and driven by the person to whom the car had been rented. Mr. Justice Sayre, writing for the court, said: "In view of the fact that the automobile was let for use on the streets and highways of the neighborhood, and that a machine of that sort without brakes or with defective and inefficient brakes, when used on the highways (including the public streets of Birmingham), is a dire menace to every one who may come into its close vicinity, we have no difficulty in reaching the conclusion that one who lets an automobile for hire with knowledge or notice that it will be used upon the public highways, thus involving probable danger to others than the driver, is under duty to inspect the machine to the end that such danger may not arise. Every one of good sense and having proper regard for his fellows must foresee the danger, and, foreseeing, must take reasonable precaution against it. There is no intention to suggest that a person engaged in defendant's business becomes a guarantor of the absolute integrity of the machines he lets. We intend only to hold that he must exercise reasonable diligence to know the condition of his machines before letting them into the hands of drivers for use on the

highways. He must in that regard exercise such simple and available tests as the intended use would suggest to sensible and right-minded persons—the jury being at last the judges."

True, the Saunders case, supra, dealt wtih those engaged in the business of renting automobiles for hire, but we think the duty to inspect a motor vehicle before it is used on the highways applies also to an owner or operator who has knowledge of the defective condition of the vehicle.

The evidence, we think, warranted a finding that·the employees of the appellant were fully conversant with the fact that the truck was in poor condition; that wheels had become detached therefrom on prior occasions and that it was constantly undergoing repairs. Under these circumstances it could be found that the appellant knew, or in the exercise of reasonable care should have known, that the wheel might be detached and thereby cause damage or injury. It results that the appellant could have been found to be negligent in permitting the truck to be operated on the highway without first applying every reasonable test to discover before using the truck whether its wheels were in suitable and safe condition for use. Van Steenbergen v. Barrett, 286 Mass. 400, 190 N.E. 597.

The appellant's request for the affirmative charge was properly refused.

Charges A–13 and A–8 singled out particular elements of fact, being a part of the facts upon which a presumption might arise, and concluded that no presumption arose from the facts stated. The charges give undue prominence to the fact singled out and ignore other material facts in the case. The court did not err in refusing to give such charges. Barbour v. Shebor, 177 Ala. 304, 58 So. 276; Louisville & N. R. Co. v. Webb, 97 Ala. 308, 12 So. 374; Birmingham S. R. Co. v. Cuzzart, 133 Ala. 262, 31 So. 979; West v. Spratling, 204 Ala. 478, 86 So. 32; Southern R. Co. v. E. L. Kendall & Co., 14 Ala. App. 242, 69 So. 328, certiorari denied Ex parte Southern Ry. Co., 193 Ala. 681, 69 So. 1020; Thaggard v. Vafes, 218 Ala. 609, 119 So. 647; R. A. Watson Orchards Inc., v. New York, Chicago, & St. L. R. Co., 250 Ill.App. 22.

Charge A–9 was properly refused for the reason, among others, that it was argumentative and invasive of· the province of the jury. Central of Georgia R. Co. v. Bagley, 173 Ala. 611, 55 So. 894. It was also bad for the reason that it ignores evidence tending to show that one of the wheels of the truck had become detached about a week prior to the date of the accident.

Charge A–14 was properly refused on the ground, among others, that it was abstract. There is no evidence tending to show that the employees of the appellant had actual knowledge of the fact that the truck had been inspected on the morning of August 30, 1940, the day on which the accident occurred. As heretofore pointed out, the appellant's answers to interrogatories propounded by the appellee specifically stated that they had no such knowledge of an inspection on the day of the accident. True, there was evidence that the mechanic of the Georgia Motor Express did inspect the wheels of the truck at that time, but there is no evidence showing knowledge of this fact by the appellant.

Charges A–7 and A–12 were correctly refused. The evidence for the plaintiff tends to show actual knowledge on the part of the appellant of the fact that the truck was in a defective condition, that its wheels had come off on several occasions, and that it was constantly undergoing repairs. If the appellant had such knowledge it was not entitled to have the jury instructed that it was under no duty to inspect the truck, but had a right to assume that the truck was in a reasonably safe condition. Van Steenbergen v. Barrett, supra; Tannahill v. Depositors' Oil & Gas Co., supra.

The trial court did not err in refusing charge A–16. This court has frequently held that such charges are confusing, misleading and properly refused. Birmingham Electric Co. v. Ryder, 225 Ala. 369, 144 So. 18; Sloss-Sheffield Steel & Iron Co. v. Willingham, 243 Ala. 352, 10 So. 2d 19.

It is urged by appellant that the verdict was excessive, and for this reason its motion for a new trial should have been granted. The court has fully discussed the evidence as it relates to the extent of the plaintiff's injuries, and is of the opinion that the verdict is not excessive.

Affirmed.

GARDNER, C. J., and BOULDIN and FOSTER, JJ., concur.