42 So.2d 585

### AL DE MENT CHEVROLET CO. et al. v. WILSON.
### 6 Div. 850.

Supreme Court of Alabama.

Oct. 27, 1949.

See also 42 So.2d 588.

Lange, Simpson, Robinson & Somerville, of Birmingham, for appellants.

Taylor, Higgins, Koenig & Windham, of Birmingham, for appellee.

664

SIMPSON, Justice.

This is an action to recover damages by C. R. Wilson against the defendant partnership and the individual partners thereof, automobile dealers in the city of Birmingham, for negligently delivering to one Roberts, a prospective purchaser, an automobile with defective brakes, which negligence was counted on as the proximate cause of the plaintiff's injuries and damages, resulting in a verdict and judgment in favor of the plaintiff in the amount of $2,000, from which judgment the defendants bring this appeal.

The proven facts on which recovery was rested are set forth in Counts 1 and 2 of the complaint substantially as follows: The defendant partnership was engaged in the business of automobile dealers in the city of Birmingham and by and through its duly authorized agent, acting within the line and scope of his employment, delivered a secondhand automobile to one Roberts, who was then and there a prospective purchaser thereof, and authorized Roberts to drive the vehicle on the public streets of Birmingham to ascertain whether or not he would purchase it at a tentative figure agreed on should he be satisfied with its operation; at the time of such delivery the brakes of the automobile were in a defective and dangerous condition and while the automobile was being driven by said Roberts along a public street in said city the brake on one wheel locked, rendering the car impossible to be steered, thereby causing it to run into the plaintiff's motor vehicle then and there being driven by him on said street and in which his wife was a passenger, and as a proximate result of such negligence the plaintiff suffered the damages counted on. The damnifying conduct claimed against the defendant was that the agent of the defendant negligently delivered the automobile to said Roberts and authorized him to so drive it with the brakes in such defective and dangerous condition. The catalogued damages were personal injuries to the plaintiff, damage to his automobile, and loss of companionship and consortion of his wife, plus expense of procuring medical treatment and medicine for her.

The rule of negligence by which the case is to be governed constitutes the principal controversy and was raised by the defendants by various grounds of demurrer, special requested written charges, and exceptions to the oral charge of the court. The several charges will be reproduced with the report of the case.

The contention of the appellants is and was pending trial that no liability attached in such a case unless the defendants actually knew that the automobile was in such defective condition as that its contemplated use would likely result in injury to third persons; that the appellants were purely gratuitous bailors and that no duty rested on them to exercise reasonable care to see and know that the automobile was not de-

fective. The trial court ruled adversely to this contention and we are in accord with that ruling.

■ The liability here is not to be determined by the contract alone, but is rested on the bailor's omission of a duty beyond the contract. The duty of diligence of a bailor in such a bailment does not spring from any privity of contract, but an obligation imposed by law on one in his dealings with his fellows to refrain from acts of omission or commission which he may reasonably expect would result in injury to third persons. The governing rule in such cases is that an automobile dealer who places an automobile in the hands of a prospective purchaser with the knowledge that it is to be operated on a public highway is under the duty to use ordinary care to see that the vehicle is in a reasonably safe condition for the contemplated use. Motor Terminal & Transportation Co. v. Millican, 244 Ala. 39, 12 So.2d 96; Saunders System Birmingham Co. v. Adams, 217 Ala. 621, 117 So. 72, 61 A.L.R. 1333; Bogart v. Cohen-Anderson Motor Co., 164 Or. 233, 98 P.2d 720; Holt v. Eastern Motor Co., 65 Ga.App. 502, 15 S.E.2d 895; Vaughn v. Millington Motor Co., 160 Tenn. 197, 22 S.W.2d 226; Huddy, Automobile Law, Vol. 3-4, pp. 127 et seq.

In speaking of the general principle, it was observed in Motor Terminal & Transportation Co. v. Millican, supra: "The principle is well established that it is negligence to use an instrumentality which the actor knows or should know to be so defective that its use involves an unreasonable risk of harm to others. If the use of the instrumentality threatens serious danger to others unless it is in good condition, there is a duty to take reasonable care to ascertain its condition by inspection. * * *" 244 Ala. 43, 12 So.2d 99.

Huddy, supra, carries the same general text, quoted with approval in the Millican case, as follows:

"Generally speaking, it is the duty of one operating a motor vehicle on the public highways to see that it is in reasonably good condition and properly equipped, so that it may be at all times controlled, and not become a source of danger to its occupants or to other travellers.

"To this end, the owner or operator of a motor vehicle must exercise reasonable care in the inspection of the machine, and is chargeable with notice of everything that such inspection would disclose. This rule applies where the operator is the owner or the vehicle or rents it from another, or permits another to use it, or lets it to another for hire. But in the absence of anything to show that the appliances were defective, the owner or driver is not required to inspect them before using the car or permitting it to be used."

The observations in the Bogart case, supra, citing this court's Saunders System case as sustaining authority, are directly pertinent, where it was said:

"It is common knowledge that an automobile with defective brakes is, in view of its power, weight and speed, a dangerous instrumentality. Indeed, the legislature recognized such fact by requiring that 'every motor vehicle * * * when operated upon a highway shall be equipped with brakes adequate to control the movement of and to stop and to hold such vehicle * * *' (§ 55-2613, Oregon Code 1935 Supp.); the standard of adequacy being in subdivision (e) of the above section. [For Alabama statute see Code 1940, Title 36, § 35.] An automobile dealer is not an insurer against the defective condition of a car put into the hands of a prospective purchaser, but he must use ordinary care to see that it is in a reasonably safe condition to use on the public highways. The failure to comply with this legal duty or obligation makes the bailor liable to third persons if the injury is the proximate result of such negligence. * * *

"In order to establish a prima facie case, i. e. one sufficient to go to the jury, there must be some substantial evidence tending to show: (1) That the brakes were defective; (2) that such defective condition of the brakes was the proximate cause of the injury; (3) that the defendant knew or by the exercise of reasonable care ought to have known that the brakes were defective at the time the automobile was

delivered to the plaintiff. * * *" 98 P. 2d 721–722.

To like effect are Holt v. Eastern Motor Co., supra; Vaughn v. Millington Motor Co., supra; and other authorities cited in these cases.

It results therefore that the action of the trial court in overruling the demurrer to Counts 1 and 2 must be affirmed.

On like authority the court must be affirmed in refusing to the defendants special written charges 2, 15, and 16, and in instructing the jury in the oral charge that "there was a duty on the defendant, Al DeMent Chevrolet Company or its servants or agents to exercise the care that a reasonably prudent person engaged in the same business would exercise to see that the brakes on the car were in a reasonably safe condition to be used on the public street."

This disposes of assignments of error 1 to 6-A, inclusive.

The remaining proposition, and one not so easily resolved, is the insistence that the damages awarded were excessive— one of the grounds of the motion for a new trial. Damages to the plaintiff's automobile, to be generous in the estimate, did not exceed $230, nor did the medical expenses and doctor bills for treating plaintiff's wife exceed $100. His own personal injuries were practically nil, consisting of a little soreness after the accident. It would seem, then, that the $2,000 verdict was addressed largely to recompensing the plaintiff for the loss of companionship, consortion, and services of his wife by reason of her own injuries. We cannot believe from the proven facts that the jury used the correct standard in determining these damages. Injuries personal to Mrs. Wilson, not affecting the consequential damages to the plaintiff by reason of the loss of his wife's services, society, etc., should have been left completely out of consideration, but the jury must have been mislead in this regard and seemingly took into consideration her own mental and physical suffering, personal to herself alone, since the evidence bearing on this issue was not sufficient to justify the verdict returned. She received no broken bones and her bruises were slight. X-rays were taken after the accident and there was no testimony that they disclosed any apparent injuries. Her own doctor, who could not be regarded as an unfriendly witness for her, was unable to state with any degree of certainty any discoverable injuries as a result of the accident except more frequent headaches and backaches than she had previously suffered, as a result of which she and her husband testified to her inability to do some of her housework with that degree of regularity which she was able to do before the accident.

We think it would be manifestly unjust to allow the full verdict to stand and the conclusion has been reached that the motion for a new trial, grounded on the excessiveness of the verdict, should be granted unless the appellee remits the amount of his recovery from $2,000 to $1,400. A judgment will accordingly be entered that unless appellee files with the clerk of this court a remittitur within thirty days reducing the judgment to $1,400, the judgment of the trial court will stand reversed. Otherwise the judgment for $1,400, with interest from the date of its original rendition, will stand affirmed.

Affirmed conditionally.

BROWN, FOSTER, LIVINGSTON, LAWSON, and STAKELY, JJ., concur.