78 So.2d 278

**William L. PENTON et al. (Penton-Coker Motor Company)**

**v.**

**Mrs. William H. FAVORS.**

6 Div. 782.

Supreme Court of Alabama.

Jan. 13, 1955.

Rehearing Denied March 10, 1955.

Marvin Williams, Jr., Davies & Williams, Birmingham, for appellants.

Clifford Emond, Birmingham, for appellee.

PER CURIAM.

This is an appeal by defendants from a judgment for personal injuries received by plaintiff while riding in an automobile belonging to defendants who had loaned it to the plaintiff's husband and which was being driven by him; but the accident was not charged in the complaint to have been due to his negligence or incompetency.

The suit was submitted to the jury on two counts, "B–1" and "C", virtually the same in legal effect. So far as here material, count B–1 alleges that plaintiff's husband was at that time a purchaser or prospective purchaser of a used automobile from defendants; that defendants delivered to him a used automobile for use by him until they could deliver the automobile that was being purchased by him, and authorized him to drive said automobile on the public highways in the State until they could deliver to him said car being purchased; that the brakes or steering mechanism on the car thus loaned were in a defective condition; and while plaintiff was riding in said automobile as a passenger, the car being operated on a described highway in Alabama, the brakes or steering mechanism locked rendering it impossible to steer, thereby causing the car to run off the highway and to injure plaintiff as described in the complaint. It is averred that her injuries were caused as a proximate result of the negligence of defendants in negligently delivering said used automobile to plaintiff's husband and authorizing him to operate and drive it over and along the public highways in the State with the brakes or steering mechanism of said automobile in a defective and dangerous condition.

The first assignment of error goes to the judgment overruling a demurrer to count B–1, supra. It was apparently patterned after the complaint upheld in the case of Al DeMent Chevrolet Co. v. Wilson, 252 Ala. 662, 42 So.2d 585, and in many respects the two cases are similar. In the DeMent case the injured person was not riding as a

266

passenger in the car, but on account of the brakes locking a wheel the car ran into plaintiff's vehicle then and there on the same street. That is the same legal status of the cases of Motor Terminal & Transportation Co. v. Millican, 244 Ala. 39, 12 So.2d 96, and McGowin v. Howard, 251 Ala. 204, 36 So.2d 323.

Appellants contend that the same principle does not apply here because appellee is alleged to have been a passenger in the car and, therefore, subject to our guest statute. Section 95, Title 36, Code. That question is raised by a ground of the demurrer. The complaint does not allege that appellee (plaintiff) was riding as a guest in the car without the payment of compensation therefor. But if the statute here applies, the duty would be on defendants to plead it unless the complaint on its face shows its application. The complaint is based on a common law cause of action, of which the court has general jurisdiction. Aircraft Sales and Service, Inc., v. Gnatt, 255 Ala. 508, 52 So.2d 388; Blashfield on Automobile Law and Practice, section 2313, page 361, note 15.5.

When the court is of general jurisdiction, and the claim as alleged is one which is prima facie within that jurisdiction, it is not necessary to allege additional facts with respect to it in order to state a cause of action. But where the jurisdiction of the court over the cause of action is statutory and limited it is indispensable that the jurisdictional facts specified in the statute be alleged. 71 C.J.S., Pleading, § 76, page 191; Town of Flat Creek v. Alabama By-Products Corp., 245 Ala. 528, 17 So.2d 771. And when a cause of action is statutory the complaint must negative an exception contained in the enacting clause, but not so if it is in a subsequent clause. Jefferson County v. Gulf Refining Co., 202 Ala. 510, 80 So. 798.

Since the circuit court is one of general jurisdiction, and the cause of action is not statutory, it is not necessary to allege facts which show that it is not one specially excepted by statute. It is the limitation which is statutory and not the creation of the cause of action. Section 95, Title 36, Code. For that reason the demurrer on that ground is not well taken— not to consider other grounds.

We are not willing to agree that the guest statute is controlling on defendants as to their measure of duty to a guest of their bailee riding in the car loaned to him. But we think it is a question of proximate cause and relates to principles generally applicable to a bailment of the car. We think it is important to consider the duty of defendants to Favors who was their bailee, although plaintiff was riding as a passenger with the bailee. It is said in 60 C.J.S., Motor Vehicles, § 430, page 1057, that "a gratuitous bailor of a motor vehicle may not furnish the bailee with an unsafe and unmanageable vehicle for a purpose which will endanger life and limb, and is liable for injuries, proximately resulting from the defect, *to third persons who are without fault themselves*. However, a gratuitous bailor owes to his bailee only the duty of giving warning or notice of those defects in the car, if any, of which he has knowledge and which in reasonable probability will imperil *those using it;* and an owner furnishing his car to another for the latter's gratuitous use is not responsible for an injury to the user caused by a defective condition of which the owner did not know when he turned the car over to the user, where, in the exercise of reasonable judgment, he could not *have foreseen the probable injury to the user;* and the same holding has been made where the lender has no actual knowledge of the defect, even though he should have known of it". Blom v. McNeal, 199 Minn. 506, 272 N.W. 599.

But where the bailment is not gratuitous, it is said, 60 C.J.S., Motor Vehicles, § 430, pages 1055, 1056: "The owner may also be responsible for resulting injuries where he could have discovered the defective condition of the motor vehicle by the exercise of reasonable care, although the owner is not responsible if a latent defect which causes an accident could not have been discovered by appropriate care and inspection of the automobile". Mallory Steamship Co. v. Druhan, 17 Ala.App. 365, 84 So. 874; Air-

craft Sales and Service, Inc., v. Gnatt, supra. The case of Motor Terminal & Transportation Co. v. Millican, supra [244 Ala. 39, 12 So.2d 99], quotes from Saunders System Birmingham Co. v. Adams, 217 Ala. 621, 117 So. 72, 61 A.L.R. 1333, among other things, as follows: " 'We intend only to hold that he (one engaged in letting automobile for hire) must exercise reasonable diligence to know the condition of his machines before letting them into the hands of drivers for use on the highways. He must in that regard exercise such simple and available tests as the intended use would suggest to sensible and right-minded persons—the jury being at last the judges' ".

■ We think the duty to inspect has the same application to one other than the bailee, who is likely to be subjected to the danger of the defects, as it has to the bailee. This includes those riding with him. 7 Blashfield on Automobile Law and Practice, section 4672 (notes 63 and 64), page 655; Rush v. McDonnell, 214 Ala. 47, 106 So. 175; Eklof v. Waterston, 132 Or. 479, 285 P. 201, 68 A.L.R. 1002; Johnson v. H. M. Bullard Co., 95 Conn. 251, 111 A. 70, 12 A.L.R. 766.

If an owner knows or should anticipate that the one to whom he lends or lets his car will use it on the streets and highways and carry others with him and thereby be subjected to the dangers incident to its defective condition he owes to those others the same duty of inspection that he owes to the bailee. Johnson v. Bullard, supra. The owner has no privity with such persons, and is not affected by the relationship existing between his bailee and them. They occupy the same relation to the bailor which the bailee occupies in respect to such duty if their presence should have been anticipated when the bailment was created. The guest of the bailee, if his presence was foreseeable, is by that circumstance clothed with the same protection, regardless of the relation between him and the bailee. There is no ground of demurrer that the complaint does not allege that defendants anticipated that their bailee would carry a passenger while driving the car.

■ It is also insisted that the complaint is defective in not alleging that defendants had knowledge of the defective condition of the car when they let Favors have it to use. This is an essential issue in the case if the bailment is gratuitous. But if it is for hire or based upon other valuable consideration, there is a duty to make reasonable inspection as to its condition. A failure to do so may be negligence without actual knowledge of such defect or of facts sufficient to stimulate investigation. The complaint makes no allegation as to the consideration for the bailment, unless the consideration was the delivery of the car to Favors to be used until defendants could deliver the used automobile being purchased by him. It was held in a New Jersey case that those facts do not constitute a consideration so as to prevent the bailment from being gratuitous in the absence of a showing that the loan of the car was a part of the consideration or inducement to the purchase. Nelson v. Fruehauf Trailer Co., 20 N.J.Super. 198, 89 A.2d 445.

The allegations of the complaint are consistent with the theory that the loan of the used car was an inducement to the purchase of the other one; but they are not specific to that effect.

The breach of a duty imposed by law is the gist of the action. That duty here is not to be negligent in respect to the alleged defective condition of the car. An allegation that defendants were negligent in that connection implies the existence of such knowledge or notice as the law requires, for otherwise there cannot be negligence. City of Birmingham v. Norwood, 220 Ala. 497, 126 So. 619; Ragland v. Duke, 223 Ala. 574, 137 So. 397.

The complaint is not subject to demurrer for a failure to allege that defendants had notice of the defect when they delivered the car to Favors for use. We think strictness of pleading is not necessary in this connection, nor proof expressly referring to the use of the car as an inducement in and about the proposed sale of the other car. The circumstances are sufficient to support a finding to that effect.

■ Count C is similar to count B–1, except that it alleges that the car was delivered to Favors and he was authorized to operate and drive it over and along the public highways, but it does not allege that this was to continue until defendants could deliver a car being purchased, nor that Favors was at that time a purchaser or a prospective purchaser of another used car. If that count is properly construed to mean that Favors was a gratuitous bailee, and that defendants to be liable for a defect in the loaned car must have had notice of such defect to be chargeable with negligence in that respect, the allegation that defendants were negligent supplies that element and the charge is not subject to the demurrer on that account.

Appellants cite Cunningham v. Bell, 149 Ohio St. 103, 77 N.E.2d 918. In that case the defendant owned a truck and placed it in the hands of one Hill, entrusting its operation to him. Hill was operating it at the time in question and plaintiff (Cunningham) was being transported in said truck without payment therefor as an invitee of Hill. The negligence of defendant was alleged to have been in unlawfully employing and permitting Hill, who was fifteen years old, to drive said truck contrary to an Ohio statute: that defendant overworked Hill and caused him to be on the job such long hours that he became exhausted and unable to drive the truck; that Hill was an incompetent driver by reason of his youth, inexperience, overwork, and lack of sound judgment, discretion and skill; and that defendant knew or should have known that Hill was an incompetent driver and negligently, unlawfully and carelessly entrusted to him said truck, which was dangerous when operated by one unskilled: that Hill negligently dozed and fell asleep and the truck ran off and collided, and as a result of the negligence of defendant *and Hill* the plaintiff sustained personal injuries. The court referred to its former decision holding that the owner of the vehicle driven by a servant is not liable for injuries to the servant's guest caused by the negligence of the servant: that when the servant is without authority to carry passengers his guest riding with him is neither the invitee nor licensee of the owner but is a trespasser to whom the owner owes no duty except not to willfully injure him. The case cited was before the enactment of a guest statute (which is in the language of our own), but the occurrence referred to in the Cunningham case, supra, was subsequent. The court held, first of all, that the guest statute in no wise modified the rule of liability for the negligent entrustment of a motor vehicle to an incompetent driver. And it was held that not being a guest of defendant, he did not owe the rider a duty of ordinary care; and, further, that if the rider should be assumed to be the guest of the owner, the guest statute would limit the liability of the owner to his willful or wanton injury.

Our case of Rush v. McDonnell, 214 Ala. 47, 106 So. 175, was also a claim growing out of the unlawful entrustment of an automobile to a boy who was prohibited by law from driving, and who caused an accident and injury to a rider without the knowledge or consent of the owner. The suit was by the rider against the owner for such unlawful entrustment. That too was before the enactment of the guest statute. This Court held directly contrary to the Ohio case, that there was no distinction between that situation and one where the injury was to a stranger on the highway, for that one injury is as much to be anticipated as is the other. The Court there in terms was referring to the duty of the driver; but the basis of it was the duty to anticipate the danger to a rider as well as to a stranger. Our guest statute has changed that duty of the driver. That duty of the driver had been given effect also in the case of Wurtzburger v. Oglesby, 222 Ala. 151, 131 So. 9.

■ As stated above, the rule applicable to the driver was changed by our guest statute, while the Ohio guest statute made no change. But we do not think our statute was intended to limit the duty of the owner who entrusts to an incompetent driver an automobile or to a competent driver a defective automobile. It was said in the Rush case, supra, that the liability depends upon common law principles. It is therefore subject to the common law principle of proximate causation. It is true that our

guest statute applies to the "owner, operator or person responsible for the operation of a motor vehicle". We think that means to apply only to such person as may be responsible for the *manner of its operation;* that it does not apply to the *owner* unless he is operating the car in person or it is under his immediate control or is operated by his servant or agent duly authorized by him. When it is not being so operated the liability of the owner is governed by common law principles.

In the case of Theriault v. Pierce, 307 Mass. 532, 30 N.E.2d 682, cited by appellants, plaintiff was riding in a car driven by an incompetent person to whom defendant had entrusted it. The court held that if plaintiff had been a pedestrian or riding in some other vehicle, the defendant would have owed him the duty to exercise due care which everyone owes to travelers. But with respect to defendant, plaintiff had no right to ride in the car, and if he did so he was a trespasser; that when he stepped into the car defendant's duty to him ceased to be measured by the duty to travelers. Plaintiff's status was not controlled by a guest statute and the rule of duty to him declared to exist, is directly contrary to our Rush case, supra. The Massachusetts' case, supra, therefore, is not authority exemplifying a guest statute.

Appellants cited Koger v. Hollahan, 144 Fla. 779, 198 So. 685, 131 A.L.R. 886, to the effect, as held by the Florida court, that a motor vehicle is a dangerous instrumentality and an owner who entrusts it to another to operate is liable for an injury to others by his negligence, which holding is contrary to our Rush case, supra, and which extended to a person who is riding in the automobile as the invited guest of the driver. It was held that the Florida guest statute exempted such liability unless the driver was grossly negligent or willful or wanton; and that it had no other effect.

Most of the cases annotated in 131 A.L.R., supra, refer to statutes whose purpose was to fasten on the owner liability for the negligent operation of a car by one entrusted by the owner with its use, whether or not the driver was incompetent or the car defec-

tive. But the case of Hopkins v. Droppers, 184 Wis. 400, 198 N.W. 738, 36 A.L.R. 1156, is similar in holding to our Rush case, supra.

### On the Motion for a New Trial.

We agree with appellants that there may be a material difference in the nature of duty owing to one injured by the defendant while he is rightfully using the street and to one riding with the bailee. As we have said, if the bailment is gratuitous the duty to the bailee's guest is different from what it is when there is a consideration or it is mutually beneficial to both bailor and bailee. The person injured on the street is due the same degree of care as the bailee for a consideration. That is, that a reasonable degree of care should be used to inspect the car to see if a defect exists and if any to remedy it, and to use ordinary care and skill in doing so, although theretofore there has been no notice of any defect then existing. We think the jury could find that the loan of the car to Favors was made as a feature of the purchase of another car and that the rule so applicable is appropriate.

There was evidence that the car was inspected by appellants from one end to the other a short time before the accident. That the front wheel bearings were repacked, the brakelining checked and the brakes adjusted, besides other repair work not connected with the brakes or steering; that they then tested it and it checked out all right. But if it had been all right, the jury could have found that the brakes would not have locked or the steering disrupted, and that they did lock disrupting the steering mechanism. Whether the defendants were negligent in making the repairs was a question for the jury especially in view of the fact that Favors testified that when he first started to drive the car the steering was tight and it continued to get worse.

We are of the opinion that the verdict of the jury was not contrary to the great weight of the evidence.

Assignment of error No. 4 relates to refused charge No. 22. The contention of appellants is that the complaint alleges that the car was in a dangerous *and* defec-

tive condition when it was delivered to plaintiff's husband, and that the jury should be so instructed; whereas the given charge No. 18 says the automobile was in a dangerous *or* defective condition. If that is an important difference, we observe that given charge No. 19 uses the conjunctive in accord with the complaint.

Assignment No. 5 relates to the refusal of charge No. 21, which is a sole proximate cause charge. When properly phrased, and when there is no wanton or subsequent negligence count, and its substance is not otherwise given to the jury, it is reversible error to refuse it. Seitz v. Heep, 243 Ala. 372, 10 So.2d 148. But the charge assumes that plaintiff's husband failed to properly inspect or repair the vehicle, and without hypothesizing the fact of such failure or his negligence. His failure, if it existed might have been due to his inability or other reason beyond his control; and the charge assumes the absolute duty of plaintiff's husband to inspect or repair, when such duty was not absolute.

Assignments 6 to 12, inclusive, are controlled by the principles we have discussed.

As to assignment of error No. 13, the court refused a motion by defendants to exclude a statement of the witness Hardegree made on cross examination with reference to certain marks on the road where the accident occurred, that "It was a mark of a locked wheel". He was a highway patrolman of two years' experience. He was on the highway about a mile away at the time. On direct examination he gave his version of the movements of the car as indicated by the tracks and location of the car, its direction with reference to the road, and tire marks which he undertook to describe; and then on cross examination in answer to a question, "Will you describe what it was" (referring to marks on the road), said, "It was a mark of a locked wheel". We think this was a shorthand rendering of facts and not objectionable. McPherson v. Martin, 234 Ala. 244, 174 So. 791; Johnson v. Martin, 255 Ala. 600, 52 So.2d 688. Moreover, the rule is not the same on cross examination as it is on direct

examination. Linnehan v. State, 120 Ala. 293, 25 So. 6. There was no reversible error in overruling the motion.

Assignments of error 16 and 17 relate to objections made to certain features of the argument of plaintiff's counsel on the trial. We think there was no reversible error shown. It is not necessary to discuss them.

We have examined all the errors which were assigned and argued by counsel for appellants on appeal and do not find reversible error in any of them.

The judgment of the lower court should be affirmed.

The foregoing opinion was prepared by FOSTER, Supernumerary Justice of this Court, while serving on it at the request of the Chief Justice under authority of Title 13, section 32, Code, and was adopted by the Court as its opinion.

Affirmed.

LIVINGSTON, C. J., and LAWSON, STAKELY and MERRILL, JJ., concur.