551 So.2d 957 (1989)
ECONOMY FIRE AND CASUALTY COMPANY
v.
Charles GOAR.
87-1101.
Supreme Court of Alabama.
June 30, 1989.
Rehearing Denied September 1, 1989.
Steven E. Haddock of Hardwick, Knight & Haddock, Decatur, for appellant.
Byrd R. Latham of Patton, Latham, Legge & Cole, Athens, for appellee.
PER CURIAM.
As subrogee to the rights of its insureds, Loyd and Rosella Pugh, Economy Fire and Casualty Company appeals from a summary judgment in favor of Charles Goar on its third-party complaint against Goar for damages resulting from an accident involving a cattle trailer owned by Goar but loaned to the tort-feasor, Leroy Craft.
On July 9, 1985, Craft borrowed a cattle trailer from Goar in order to transport livestock to auction; the trailer attached to the rear of Craft's truck by a ball hitch and safety chain. Testimony as to whether the hitch was rusted and in poor condition at the time of the accident, and as to whether Goar had knowledge of the hitch's condition, is in conflict: Craft testified that Goar told him after the accident that he knew the hitch was "bad," but Goar denied making the statement to Craft and testified that he had no suspicion that the hitch was *958 weakened or damaged. Mrs. Pugh was struck in her front yard by the trailer, which had broken free from Craft's truck as he drove past the Pugh home.
The Pughs sued Craft, alleging negligence, and sued Economy Fire, alleging bad faith, payment of medical benefits, and payment of uninsured motorist benefits. Economy Fire filed a cross-claim against Craft, and a third-party complaint (based on its right of subrogation through its policy with the Pughs) against Goar, alleging negligence, wantonness, and negligent entrustment of the trailer to Craft. Although jury verdicts were returned for the Pughs against Economy Fire and Craft, the only issue for our review is whether the trial court erred in granting Goar's motion for summary judgment prior to trial as to Economy Fire's third-party complaint.
Economy Fire's third-party complaint was filed July 22, 1987: therefore, pursuant to Code 1975, § 12-21-12, proof by substantial evidence is required in order to submit an issue of fact to the trier of the facts. "Substantial evidence shall mean evidence of such quality and weight that reasonable and fair-minded persons in the exercise of impartial judgment might reach different conclusions as to the existence of the fact sought to be proven. A scintilla of evidence is insufficient to permit submission of an issue of fact to the trier of facts." § 12-21-12(d). Consequently, to establish Goar's liability, Economy Fire must present substantial evidence that Goar owed a duty to Mrs. Pugh; that he breached the duty of care owed to her; that a causal relationship existed between Goar's conduct and Mrs. Pugh's injuries; and that Mrs. Pugh was injured. Failure to present substantial evidence on any one element renders Economy Fire's third-party complaint insufficient to be presented to the jury.
At the outset, we note that a bailment existed between Goar (the bailor) and Craft (the bailee) and that it existed for the sole benefit of Craft. Therefore, Goar's duty of care was limited to warn of those defects in the trailer of which he had actual knowledge and which were not apparent to Craft:
"As a general rule, the only duty which a gratuitous bailor owes is to warn of known defects which render the bailed chattel dangerous for the purpose for which it is ordinarily used. He is under no duty to communicate any warning of matters which are apparent to all concerned or of which he is unaware, to take affirmative measures to see that the chattel is free from danger, or, with respect to a chattel which is not an inherently dangerous instrumentality, to put it in a usable condition. On the other hand, it has been held that even if the bailment is gratuitous, a bailor owes a duty to see that the subject of the bailment is in a reasonably safe condition.
"A lender of a chattel is liable to those whom he should expect to use the chattel, or to be in the vicinity of its probable use, for injuries resulting from use of the chattel, where he knows or should realize that the chattel is likely to be dangerous for such use, and has no reason to believe that such persons will realize its dangerous condition, and fails to exercise reasonable care to inform them thereof.
"However, one making a gratuitous loan is not liable to the borrower on the theory of a breach of an implied warranty of fitness, or, with respect to a chattel which is not an inherently dangerous instrumentality, for failure to communicate information concerning defects in the thing lent, not known to the lender, even if he should have known of them.
"Warnings or instructions are not required if they are not requested and if there is no reason to believe that the persons to whom the thing is furnished does not know how to make proper use of it."
8 C.J.S. Bailments § 44, at 275-76 (1988). See, also, Penton v. Favors, 262 Ala. 262, 267, 78 So.2d 278 (1955):
"It is also insisted that the complaint is defective in not alleging that defendants had knowledge of the defective condition of the car when they let Favors have it to *959 use. This is an essential issue in the case if the bailment is gratuitous. But if it is for hire or based upon other valuable consideration, there is a duty to make reasonable inspection as to its condition. A failure to do so may be negligence without actual knowledge of such defect or of facts sufficient to stimulate investigation." (Emphasis added.)
The only evidence offered by Economy Fire to prove that Goar breached the duty of care owed to Mrs. Pugh in loaning Craft the trailer was Craft's statement in his deposition that, after the accident, "I told Charlie [Goar] about it, and Charlie said he knew the hitch was bad but he didn't know it was that bad." Goar, on the other hand, denied making this statement to Craft and testified that, although he had painted the trailer once, he had never performed maintenance or repair on it and that he had not suspected that the hitch was either weakened or damaged. Goar did not instruct Craft in the use of the trailer and did not assist in hooking it up to Craft's truck. Craft insists in his brief that the state policemen investigating the accident inspected the hitch after the accident and found it to be rusted and its locking mechanism either broken or separated; the accident report, however, does not appear in the record, and, thus, the allegation is not supported by fact.
Justice Jones in his special concurrence in Rowden v. Tomlinson, 538 So.2d 15 (Ala.1988), discussed the difference between the "substantial evidence rule" and the "scintilla rule." He also pointed out a perceived problem with the definition as written. Justice Jones's comments about the precise wording of the new definition are well taken if the definition is considered in the abstract. However, when it is tested in the procedural context in which the rule is to be applied, the formulation is accurate. The party moving for a summary judgment or directed verdict has the burden of negating the existence of a material fact. A.R.Civ.P. 56(c). Assuming he has met that burden, the non-moving party must come forward with substantial evidence, that being "evidence of such quality and weight that reasonable and fair-minded persons in the exercise of impartial judgment might reach different conclusions as to the existence of the fact sought to be proven." § 12-21-12(d).
In the context of this case the substantial evidence rule is easily applied. There is direct evidence, the alleged statement of the trailer's owner, that he was aware the hitch was "bad" but did not know that it was "that bad." We can think of no more persuasive evidence on the question of the owner's knowledge. Perhaps we could have the statement in a notarized writing, but such a situation would just enhance the likelihood that the statement was made rather than bear on the ultimate factual inquiry as to whether the owner had knowledge. Credibility determinations are for the trier of fact. We need not address what, if any, difference the adoption of the substantial evidence rule will have on the permissible inferences that can be drawn from circumstantial evidence, as that situation is not presented.
Therefore, the trial court erred in entering summary judgment for Goar on Economy Fire's third-party complaint.
REVERSED AND REMANDED.
HORNSBY, C.J., and JONES, SHORES, HOUSTON and KENNEDY, JJ., concur.
ALMON, J., concurs in the result.
MADDOX, ADAMS and STEAGALL, JJ., dissent.
ADAMS, Justice (dissenting).
I must respectfully dissent. This case clearly shows the difference between the old "scintilla" rule and the new "substantial evidence" rule as that new rule is applied in the context of an actual case. But see Martin v. Luckie & Forney, Inc., 549 So.2d 18 (Ala.1989). The only evidence Economy Fire offers to defeat summary judgment in favor of Goar is Craft's statement in a deposition to the effect that Goar told him after the accident that "he knew the hitch was bad but he didn't know it was that bad." Of course, Goar denies saying *960 this. But, the majority opines that it can think of no more persuasive evidence on the question of the owner's knowledge than this statement. Perhaps. But, perhaps not.
If this statement is given all the inferences that might flow from it, Economy Fire's case is not helped. Remember, Goar was a gratuitous bailor of Craft. According to the gratuitous bailor rule, Goar's only duty was to warn of known defects that rendered the bailed chattel dangerous for the purpose for which it was ordinarily used. He was not under a duty to make an investigation of the chattel to see whether it was in a safe condition. It is the duty of a bailor for hire to do this. Furthermore, Goar, as a gratuitous bailor, was under no duty to communicate defects that were as apparent to the bailee as they were to him.
Testing Goar's alleged statement against the law, I conclude that the only inference that reasonable minds could draw from this statement is that Goar knew that there might have been something wrong with the trailer hitch, but did not know that there was something sufficiently wrong with it to cause such an accident. If that is the only knowledge he had, then the statement certainly is persuasive, but persuasive in favor of Goar, and the majority is wrong in allowing this case to pass the summary judgment stage. For aught that appears, Craft knew as much about the trailer hitch and its possible defects as Goar did.
But if we were under the scintilla rule in this case, the statement may have been sufficient or substantial enough to defeat summary judgment. A "scintilla" has been described as a glimmer, gleam, or spark of evidence. Employing this standard, the trial court could have reasoned that a jury might infer from Goar's statement that he knew the hitch was bad, that he really knew it was in a much more defective condition than he was saying, and that Economy Fire should be allowed to go to trial to further develop that spark of evidence into something much more substantial.
But the legislature passed a law effective June 11, 1987, codified in Alabama Code (1975), § 12-21-12, that stated that there is a difference between substantial evidence and a scintilla of evidence. One of the reasons for the passage of such an Act was to eliminate frivolous lawsuits in our courts.
Because the majority seems to believe that any evidence touching on the defendant's liability, regardless of whether it offers a then-present legal basis, can defeat summary judgment, and because I believe that the evidence must at least afford a present legal basis supporting plaintiff's theory of the case, I must respectfully dissent.
MADDOX and STEAGALL, JJ., concur.