PER CURIAM.
The Alabama Crime Victims Compensation Commission (ACVCC) awarded $10,000 to a widow whose husband had been murdered. Jimmy Ray Ham (defendant) was convicted of the murder on October 27, 1987, and was sentenced on November 9. In addition to receiving life in prison, the defendant was ordered to pay to ACVCC an assessment in the amount of $10,000, pursuant to § 15 — 23—17(b), Ala. Code 1975.
On April 4, 1988, ACVCC filed a complaint against the defendant and his son, Christopher Ray Ham, alleging that the defendant had conveyed a parcel of real property to Christopher Ray Ham in an attempt to hinder, delay, or defraud ACVCC, in violation of § 8-9-6. ACVCC further sought an order attaching the property in question in satisfaction of the assessment awarded to ACVCC.
Upon completion of the discovery, ACVCC filed a motion for summary judgment. The motion was supported by the affidavit of an ACVCC employee, the depositions of the defendant and Christopher Ray Ham, and certified copies of the conviction and sentencing orders of the defendant. The motion for summary judgment was granted, and this appeal followed.
The issue before us in this appeal is whether the trial court erred in granting ACVCC’s motion for summary judgment.
The law regarding summary judgment is well established. Rule 56, Alabama Rules of Civil Procedure, provides that a motion for summary judgment, which tests the sufficiency of the evidence, is due to be granted when the trial court determines that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. Melton v. Perry County Bd. of Educ., 562 So.2d 1341 (Ala.Civ.App.1990). Furthermore, when a motion for summary judgment is made and is supported as provided in Rule 56, a party adverse to such a motion may not rest upon the mere allegations or denials in its pleading, but must submit facts controverting those presented by the moving party. Butler v. Michigan Mut. Ins. Co., 402 So.2d 949 (Ala.1981). If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against him. Rule 56.
As noted above, ACVCC supported its motion for summary judgment with depositions and an affidavit. It presented facts showing that one week prior to being sentenced, the defendant conveyed real property to his son, who paid no consideration for the property. ACVCC further established that it was a creditor of the defendant in light of the fact that ACVCC had paid $10,000 to the victim’s widow and that the trial court assessed that amount against the defendant. On the other hand, the defendant presented nothing to the trial court to controvert the facts contained in the affidavit and depositions advanced by ACVCC. The trial court concluded, based on the evidence before it, that there was no genuine issue of fact and that ACVCC was *855 entitled to a judgment as a matter of law. We agree.
Here, under the provisions of Rule 56, when ACVCC came forth with its depositions and affidavit creating a prima facie showing that it was entitled to a judgment, the defendant then had the burden of presenting substantial evidence in support of his position so as to show that there was, in fact, a genuine issue of material fact. See Economy Fire & Casualty Co. v. Goar, 551 So.2d 957 (Ala.1989). The defendant presented nothing to establish that a genuine issue of fact existed. Therefore, we find that ACVCC was properly granted summary judgment.
In view of the above, this case is due to be affirmed.
AFFIRMED.
All the Judges concur.