L. CHARLES WRIGHT, Retired Appellate Judge.
Marilyn Williams brought this action to recover benefits from MacMillan Bloedel, Inc. under the Workmen’s Compensation Act of Alabama. MacMillan answered the complaint and subsequently filed a motion for summary judgment alleging that it was entitled to judgment as a matter of law because Williams’s complaint was not timely filed. Williams responded to the motion and contended that the two-year statute of limitations applicable to workmen’s compensation actions did not apply because MacMillan and its agents were responsible for the delay in filing the complaint. After perusing the offered evidence on the motion, the trial court granted MacMillan’s motion, finding that Williams’s complaint was barred as a matter of law because it was not timely filed. Williams appeals.
Williams asserts that the trial court erred in granting summary judgment in favor of MacMillan.
Summary judgment is proper only where there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Southern Guar. Ins. v. First Ala. Bank, 540 So.2d 732 (Ala.1989). Where, however, the nonmov-ant produces substantial evidence to support its complaint, summary judgment cannot be granted. Southern Guar. Ins. Substantial evidence is “evidence of such quality and weight that reasonable and fair-minded persons in the exercise of impartial judgment might reach different conclusions as to the existence of the fact to be proven.” Economy Fire & Cas. Co. v. Goar, 551 So.2d 957 (Ala.1989).
MacMillan’s motion for summary judgment was based on Williams’s alleged noncompliance with § 25-5-80, Code 1975. That section provides that an action for workmen’s compensation must be filed no later than two years after the receipt of the last compensation payment. In support of its motion, MacMillan offered three affidavits and Williams’s deposition testimony. The affidavits were offered to support MacMillan’s contention that Williams received her last compensation payment more than two years prior to the commencement of the action. Williams does not dispute that fact. MacMillan offered Williams’s deposition for the court to consider Williams’s testimony to the effect that “neither MacMillan nor its compensation carrier did anything to cause her to postpone the filing of her lawsuit.”
In response to MacMillan’s motion for summary judgment, Williams offered an affidavit to support her assertion that Mac-Millan was responsible for the delay in filing the action. MacMillan suggests that Williams’s affidavit contradicted her prior deposition testimony in which she stated that MacMillan was not responsible for the delay. We find no such contradiction. The common underlying theme throughout Williams’s deposition and affidavit was that Angie Wise and Vance McVay, employees of MacMillan, led her to believe that she would begin receiving workmen’s compensation benefits once her arthritic condition improved. She stated that she had various meetings with these employees and that at each meeting she was told to “wait” until her arthritic condition subsided and then the doctor could treat the nerve damage that was caused by the work-related accident and at that time she would be placed back on workmen’s compensation. During this period she was seen by several doctors in Birmingham and Mobile — all at the direction and expense of her employer or its insurance carrier.
In Ex parte Youngblood, 413 So.2d 1146 (Ala.1981), the supreme court stated that *887 an employer may be estopped from asserting the statute of limitations as a defense “if the employer or carrier, or their representatives, in their dealings with the claimant, conduct themselves in such a manner, whether innocently or fraudulently, as to mislead the claimant into believing that he can postpone the filing of his claim until the period of limitation has expired.” The question of whether the employer is responsible for the delay “is a fact question for the factfinder at the trial level.” Youngblood.
From our review of the pleadings, affidavits, and the deposition, we find that there existed a substantial amount of evidence demonstrating a dispute in the genuine issue of fact to be determined — whether claimant was misled into delaying filing suit. More than one reasonable inference could be drawn from the facts, giving rise to the need for a factual determination of the issue. The trial court’s grant of summary judgment is reversed and remanded for further proceedings.
The foregoing opinion was prepared by Retired Appellate Judge L. CHARLES WRIGHT while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e), Code 1975, and this opinion is hereby adopted as that of the court.
REVERSED AND REMANDED.
All the Judges concur.