L. CHARLES WRIGHT, Retired AppeUate Judge.
Sue Blake appeals from a summary judgment entered in favor of King Lube, Inc.
The facts, viewed in a light most favorable to Blake, Wilma Corp. v. Fleming Foods of Alabama, 613 So.2d 359 (Ala.1993), are as follows: Blake owns a 1985 Mercedes Benz diesel automobhe. She began using King Lube for oh changes in 1989. In 1992 King Lube found that the threads on the oh pan were stripped. It replaced the metal oh drain plug with a rubber oh drain plug. There is a conflict in the evidence as to whether Blake knew about the replacement.
King Lube serviced Blake’s automobhe in August 1992, November 1992, March 1993, and June 1993. On July 29, 1993, while Blake was traveling to Mobhe, Alabama, her automobhe experienced abrupt engine failure from the loss of oh. Phillip Ellinburg inspected the automobhe in Mobhe. Ellinburg stated in deposition that oh was pouring out of the turbo charger drain line. He did not find any oh leaking from the oh drain plug.
The automobhe was subsequently transferred to Columbus, Georgia, where Roy Bass, a certified Mercedes Benz mechanic, and Pete Getskow, a registered Mercedes Benz master technician, inspected it. Bass and Getskow believed that the oh was leaking from the oh pan that was sealed with the rubber drain plug. They based their determination on the spray pattern of oh underneath the automobhe. Bass testified in deposition that although there was a leak in the turbo drain tube, the leak was not large enough to cause the abrupt engine failure. Bass and Getskow testified that the rubber oh plug was damaged and that it was no longer useable. Both agreed that a rubber drain plug was inappropriate for a Mercedes Benz.
Blake filed a complaint against King Lube, alleging material suppression of a material fact, wantonness, negligence, and breach of *1129 warranty. King Lube subsequently filed a motion for a summary judgment, which was granted.
Summary judgment is proper only where there is no genuine issue of material fact and the moving party is entitled to a judgment as a matter of law. Southern Guaranty Ins. Co. v. First Alabama Bank, 540 So.2d 732 (Ala.1989). Where, however, the nonmovant produces substantial evidence to support its complaint, a summary judgment cannot be entered. Southern Guaranty Ins. Co. Substantial evidence is evidence of such quality and weight that reasonable and fair-minded persons in the exercise of impartial judgment might reach different conclusions as to the existence of the fact sought to be proven. Economy Fire & Casualty Co. v. Goar, 551 So.2d 957 (Ala.1989).
The trial court entered a summary judgment without setting forth its reasons. King Lube asserts that summary judgment was proper because, it says, Blake failed to present substantial evidence connecting the damage to the automobile with King Lube’s actions in maintaining the automobile.
Blake asserts that the summary judgment was made in error because, she says, there remained genuine issues of material fact to be resolved by a jury.
We find that the contradictory evidence supplied by Ellinburg, Bass, and Getskow as to the source of the oil leak presented issues of material fact to be decided by a jury. The entry of a summary judgment was, therefore, error.
The judgment of the trial court is reversed and the cause remanded for further proceedings.
The foregoing opinion was prepared by Retired Appellate Judge L. CHARLES WRIGHT while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e), Code 1975.
REVERSED AND REMANDED.
ROBERTSON, P.J., and YATES and CRAWLEY, JJ., concur.