# Crew, et al *v.* Heard.

*Trespass for Taking a Mule.*

(Decided Feb. 17, 1906.  40 So. Rep. 337.)

1. *Appeal; Review; Findings of the Court.*—When a cause is tried by the court, a jury being waived, and no request is made for a special finding of the facts, and no special finding is made, the conclusions of the trial court on the testimony will not be reviewed by this court on appeal.

2. *Justices of the Peace; Appeal; Dismissal; Motion for.*—The jurisdiction of the Justices of the Peace to try a cause cannot properly be raised, on appeal to circuit court, by motion in that court to dismiss the cause; but should be raised by plea in the Justice court.

3. *Costs; Judgment against One Defendant.*—Sec. 1331; Code 1896, has no application in a case where the action has abated as to two of the defendants, by their death during its pendency and no revivor is had against the personal representative; and especially in the case at bar, since appellant cannot complain as having any right to have the judgment corrected as to two others not appealing.

APPEAL from Clay Circuit Court.

Heard before Hon. JOHN PELHAM.

This was an action brought by Izella Heard against R. A. Crew and son and R. H. Crew for $100.00 damages for taking a mule.  H. Y. and W. F. Heard gave their

notes secured by mortgage on the mule in question to one Gilliland who transferred the notes and mortgages to R. H. Crew. Sometime after the maturity of the mortgage, R. A. Crew and son got possession of the mule and sold it under the mortgage. The original suit was filed in the justice court and on appeal to the circuit court was tried by the court without intervention of a jury and judgment rendered against one of the defendants R. H. Crew for $100.00 and all the costs of the suit. The sureties on the appeal bond were included in the judgment. During the pendency of the suit and before final trial, R. A. Crew died and there was no revivor against his personal representative. The defendant other than R. H. Crew also died and no revivor was had as to him.

D. H. RIDDLE, for appellant.—The court erred in refusing to grant the motion to dismiss the suit because of want of jurisdiction in the justice who tried it.

The suit being against three defendants and a recovery being had as to only one, that defendant was entitled to a judgment against plaintiff for two-thirds of the cost of the suit. Appeal is the remedy in such a case.—*Nolan v. Lock*, 16 Ala. 32; *Ivey v. Gilder*, 24 So. 15; *Tecumseh's Case*, 67 Ala. 246. It was error to tax R. H. Crew with more than a third of the cost.—*Brown v. Brown*, 2 So. 95. Under the facts of this case, plaintiff was not entitled to recover. Even if she had title to the mule, she estopped herself from asserting it by sending her husband as her agent to the sale under the mortgage and having him bid on the mule for her.—*Goetter v. Norman*, 107 Ala. 585; *Sullivan v. Conway*, 81 Ala. 154; *Stevens v. Head*, 119 Ala. 511. The court erred in its ruling on the testimony.—*Hudson v. Bauer*, 105 Ala. 200.

WHITSON & DRYER, for appellee.—The judgment is not subject to review on appeal.—*W. U. Tel. Co. v. White*, 129 Ala. 188. On a jury trial, the plaintiff would have been entitled to the affirmative charge.—*Patterson v. Irwin*, 132 Ala. 557. If the taxing of the cost is error, the case will not be reversed, but will be corrected and affirmed.—*Neff v. Edwards*, 81 Ala. 246.

[Crew, et al v. Heard.]

HARALSON, J.—This case was tried by the judge without a jury. There was no request for a special finding of the facts, and no such finding was had. His conclusion on the testimony introduced as shown only by the judgment, is therefore not reversible.—§§ 3319-3321, code 1896; W. U. Tel. Co. v. White, 129 Ala. 188, 30 South. 279, and cases there cited.

Only one exception reserved upon the trial, to ruling on the admission of evidence, is insisted on. It is the refusal of the court to allow the witness, Wiley Ray, against plaintiff's objection, to answer the question, "Were you insolvent at the time?" At what time is not stated in the question, nor does it appear with any degree of certainty by reference to the testimony of the witness, given preceding the question, to what transaction detailed by him, with respect to the period of time such transaction accrued, to which the question asked related.

If it was intended to show that witness was insolvent when he carried certain cattle to Birmingham, and construing the bill of exceptions most strongly against the appellant, which we must do, this must be taken as the one referred to in the question. His insolvency at that time, which may have been long subsequent to the alleged acquisition by him fraudulently of certain goods, was wholly immaterial. The objection was, therefore, properly sustained to it.

The motion to dismiss the suit was not the proper way to raise the question of the jurisdiction of the justice of the peace who tried the case. That question should have been raised by a plea filed in his court. Besides, no ruling upon the motion is shown in the judgment entry.

It is next insisted that the court erred in rendering judgment against the defendant R. H. Crews and the sureties on the appeal bond for all the costs of the suit. The action, it is contended, being against three defendants and the plaintiff only recovering judgment against one, R. H. Crews, the two other defendants against whom plaintiff failed to recover were entitled to a judgment for their aliquot part of the costs. This contention is

30 .

[Grimmer v. Nolen.]

nothing more than the rule prescribed by the statute.— § 1331, code 1896.

The action having abated as to the two defendants by the death of R. A. Crews during its pendency, and there being no reviver as against his representative, no judgment can be rendered in their favor. The statute, therefore, is without application. Besides, if it were otherwise, the appellant cannot complain of it, they being the only ones concerned and having the right to have the judgment corrected in this court.

Affirmed.

All the justices concur.