(131 So. 557)

## JORDAN v. CAPERS.

4 Div. 527.

Supreme Court of Alabama.

Dec. 18, 1930.

Walters & Walters, of Troy, for appellant.

E. C. Orme, of Troy, for appellee.

198

GARDNER, J.

Plaintiff, a minor under seven years of age, was an invited guest of defendant in a car owned and operated by defendant when it collided with the automobile of one Jeffcoat at the intersection of two highways, and received injuries as a result of such collision. Defendant was charged with negligence in the operation of the car by driving at too rapid a speed, failing to sound the horn, and driving on the wrong side of the highway; and evidence was offered in support of these theories.

Defendant insists he blew his horn, was traveling at a proper speed, and, if at the time of the collision his car was on the wrong side of the highway, it was in an effort to avoid collision with the Jeffcoat car, which unexpectedly appeared in front of his car while on the proper side of the highway.

The various phases of negligence charged to defendant were submitted under full and appropriate instructions of the trial court for the jury's determination, resulting in a verdict and judgment in defendant's favor, from which plaintiff prosecutes this appeal.

■ While charge E refused to plaintiff may correctly state the rule (Thomason v. Gray, 84 Ala. 559, 4 So. 394), yet there was no occasion calling for such instruction, and no duty rested upon the court to give the same. It was argumentative, and properly refused. Nor did plaintiff's refused charge F bear relation to any issue in the cause, either by the pleadings or any tendency of the proof. It was not pretended that either the plaintiff or his father, in whose lap he was sitting at the time of the accident, was guilty of any negligence whatever. That part of the charge, therefore, dealing with contributory negligence, was abstract, and, as the remainder was clearly embraced in the oral charge of the court, Charge F was therefore refused without error.

■ The remaining assignments of error argued by appellant relate to rulings on evidence which will be briefly noted. Plaintiff's father had testified to the speed of defendant's car, and it was entirely proper for the court to permit defendant on cross-examination to ask the witness if he had noticed the speedometer at any time and to refuse to exclude the answer of the witness that he had not.

We find nothing in the case of Crew v. Heard, 146 Ala. 463, 40 So. 337, cited by appellant, that militates against this conclusion. The speed of Jeffcoat's car as it approached the intersection just prior to the collision was relevant and proper subject of inquiry. There was no error in permitting defendant to ask the witness Jeffcoat such question on cross-examination and in declining to exclude the answer thereto.

Like observations apply to the cross-examination of Annie Wilson wherein she stated the car was going very slow. Galloway v. Perkins, 198 Ala. 658, 73 So. 956.

■■ Doubtless the court sustained objection to the plaintiff's question to the witness Bernice Jeffcoat as to whether or not there was "plenty of room" for defendant's car to have been driven to the right across the highway, upon the theory it called for a mere conclusion or opinion of the witness, upon a matter for the jury's determination. That question aside, as unnecessary for decision, the record shows plaintiff's mother testified to such effect without objection, and there was nothing to the contrary. Indeed, it was a proven and uncontroverted fact in the case, and in no event could plaintiff have been prejudiced by the ruling. Whether or not the horn was blown is a question of fact, and not a mere conclusion of the witness, as insisted. There is no merit in the objection to such question propounded to defendant as a witness in the case.

■ Dr. R. B. Beard, it appears, has been a practicing physician in the city of Troy for a period of seventeen years, and treated plaintiff for the injuries received in this accident. He was qualified to testify thereto, and the extent of the injuries. There is no merit to plaintiff's objections interposed to this proof.

The remark of counsel for defendant before the jury is isolated, and the connection in which it was used is not made to appear. We are not prepared to say that, viewed in connection with all of counsel's argument, it was a misconception of the law. But, however that may be, the trial court clearly and correctly instructed the jury upon all phases of the law applicable to the case, including that involved in the excerpt taken from counsel's argument—reading or reciting to the jury the language of the statute (section 1397[53], Michie's Code 1928), cited by appellant. In no event, therefore, was plaintiff prejudiced by the ruling complained of.

We have considered the several assignments of error argued by counsel for appellant, and find no error to reverse.

Let the judgment be affirmed.

Affirmed.

ANDERSON, C. J., and BOULDIN and FOSTER, JJ., concur.