99 So.2d 210

Mrs. Clarence **PARKER**

v.

Mrs. John W. **WILLIAMS.**

4 Div. 931.

Supreme Court of Alabama.

Dec. 19, 1957.

J. C. Fleming, Elba, for appellant.

Tipler & Fuller, Andalusia, for appellee.

PER CURIAM.

This is an appeal by defendant from a judgment for $2,000 for personal injuries received by plaintiff in a collision between the car in which she was riding and the car driven by defendant.

The contention made by plaintiff is that defendant negligently caused or allowed

the motor vehicle she was operating to collide with the vehicle in which plaintiff was a passenger, and as a proximate consequence of said negligence of the defendant plaintiff suffered said injuries and damages.

The trial was had on the simple negligence count and a plea in short by consent.

The crucial question in this case is whether the defendant was negligent in stopping her car in a dangerous position to the approach of the car in which plaintiff was riding without giving any signal of an intention to stop. The facts in the case, with one exception as to her giving notice of her intention to stop, are practically without dispute. About night fall in the City of Elba defendant was driving a car at a speed of some twenty to twenty-five miles an hour. The car in which plaintiff was a passenger was being driven by her husband and was behind defendant's car traveling in the same direction. It is not contended that plaintiff is responsible for any act of negligence on the part of her husband which might have been a cause in bringing about her injuries.

There are only three assignments of error. Two of them relate to the refusal of the court to give charges requested by the defendant. The other assignment of error is the refusal of the court to grant a new trial. Insistence is made upon the consideration of that assignment that the court should have granted said motion by reason of an occurrence immediately preceding the trial and while the jury was being selected and qualified for the trial; also that the damages awarded are excessive. Further details of the facts are unnecessary to a consideration of the charges. In fact appellant in brief does not insist upon error as to one of the charges and therefore our consideration will be limited to the one which appellant insists was erroneously refused. That charge is in the following language:

"The court charges the jury that if the injury sustained by the plaintiff was the proximate cause of the negligence of her husband, and not concerning negligence on the part of the defendant, then your verdict should be for the defendant".

It is evident from the argument made by counsel with reference to this charge that it was intended to invoke the principle that if the jury is reasonably satisfied from the evidence that injury was sustained by plaintiff as the proximate result of the negligence of her husband, and that there was no concurring negligence on the part of the defendant which was a proximate contributing cause of the injury, their verdict should be for the defendant.

It will be observed that the requested charge, quoted above, does not properly invoke that principle. In the first place, the charge was not predicated *upon a consideration of the* evidence. Birmingham Baptist Hospital v. Branton, 218 Ala. 464(8), 118 So. 741; Walls v. Decatur Fertilizer Co., 215 Ala. 426(11), 111 So. 214; 18–A Ala.Dig., Trials, ☜234(5) page 477. It will be observed also that evidently there are words stated which do not reflect the intention of the defendant in requesting the charge. Under the charge the jury is directed to find for the defendant if plaintiff's injury was the proximate *cause* of the negligence of her husband. It will be noted at a glance that instead of using the words proximate *cause* of the negligence of her husband, it was intended to say that if the injury of plaintiff was the proximate *result* of the negligence of her husband, the verdict should be for the defendant. But we cannot reverse the trial court for refusing a charge which is in language insufficient to set forth a correct legal principle. We cannot substitute the word "result" for the word "cause" as specified in the requested charge. Charges given or refused must be treated as in the words in which the request is made. Louis

Pizitz Dry Goods Co. **v.** Cusimano, 206 Ala. 689(13), 91 So. 779. The charge is also defective in not being intelligible as expressed by using the words "and not concerning negligence on the part of the defendant". Perhaps what he meant to say was if "there was no concurring negligence of the defendant". As expressed it is meaningless. For any of those reasons the charge was refused by the trial judge without error.

With reference to the motion for a new trial, the principal point insisted upon by counsel for appellant is the incident which took place in court while the jury was being qualified. At that time and under those circumstances the court had propounded the usual questions to the jurors as to their relationship to the parties and counsel and their interest in the case. He then addressed a remark to plaintiff's counsel as to what plaintiff had to say with reference to qualifying the jury. Thereupon plaintiff's counsel said:

"Judge, I understand that Mrs. Parker has liability insurance, but I don't know the name of the company. It hasn't been furnished me. I would like them qualified, if Mr. Fleming will give the name of the company, as to whether or not they are agents, or stockholders or employees of the particular liability insurance company involved".

The record shows that defendant's counsel then and there furnished the name of an insurance company to plaintiff's counsel. The court then qualified the jurors with reference to their interest in the named insurance company, and upon finding that none of them were so interested or related he proceeded to have the jury selected. Plaintiff's counsel made no objection to that occurrence and made no motion to continue the case or summon another jury on that account, or any other motion in that connection. Nothing more was said about the question of insurance until after the verdict and judgment had been render-

ed and defendant incorporated that incident in his motion for a new trial. He insists there was error in refusing the motion for a new trial because of the adverse, ineradicable influence of that incident upon the jury.

■■ As counsel pointed out, we have had many cases that involve this question which are more or less identical with the facts here presented. We see nothing in this incident which is legally objectionable. There is a principle in this connection that if counsel voluntarily and without legal right injects into the case the fact of insurance carried by his opponent it may be the cause for granting a new trial, although no motion or objection was made as to it at the time of its occurrence. To insist upon and argue such a matter at that time would tend to magnify the fact in the estimation of the jury. It would therefore seem appropriate to wait and make a motion for a new trial if the verdict is adverse and have that as one of the grounds. That would justify a consideration of the question on its merits as to whether it was injected into the trial without any necessity therefor and voluntarily by counsel in order to prejudice the case against the defendant. In determining that question the whole situation must be considered in order to find whether counsel has voluntarily injected into the case matter which is prejudicial and ineradicable, and which was improper to be done under the circumstances. We cite a number of recent cases which state principles of law material to this situation: Clark v. Hudson, 265 Ala. 630, 93 So.2d 138; Colquett v. Williams, 264 Ala. 214, 86 So.2d 381; Pearson v. Birmingham Transit Co., 264 Ala. 350, 87 So.2d 857; Hudson v. Stripling, 261 Ala. 196, 73 So.2d 514; Wagnon v. Patterson, 260 Ala. 297, 70 So.2d 244; Vredenburgh Saw Mill Co. v. Black, 251 Ala. 302, 37 So.2d 212.

■ Counsel for appellant seem to think that because of the cordial relations exist-

ing between him and counsel for plaintiff that a simple inquiry at any time when the jury was not present would have produced the information which he called for and enabled him to have the jury qualified without stating in their presence that the defendant carried insurance covering her liability. In our opinion, that is not an adequate answer to the question. The plaintiff had a right at that time, in answer to the inquiry made by the judge, to be informed with reference to the insurance so that he could propound the inquiry which the law authorizes him to propound. This is contained in Title 30, section 52, Code, as the same has been construed by this Court.

Appellant also insists that the motion for a new trial should have been granted because the amount of the judgment was excessive. With respect to that insistence counsel have only a few lines in their brief devoted to it, merely saying that it is manifested by the excessive amount of the verdict in connection with the insurance incident. He points out no other particular reason upon which to base the claim.

We are not inclined to reverse the trial judge with respect to that question, or require a remittitur as to any part of the damages. Title 7, section 811, Code.

It follows that there is nothing submitted in this Court which we think justifies a reversal of the judgment and it should be affirmed.

The foregoing opinion was prepared by FOSTER, Supernumerary Justice, of this Court, while serving on it at the request of the Chief Justice under authority of Title 13, section 32, Code, and was adopted by the Court as its opinion.

Affirmed.

LIVINGSTON, C. J., and LAWSON, MERRILL and COLEMAN, JJ., concur.