115 So.2d 664

Anthony MITCHELL, d/b/a Mitchell Farm Supply Co.

v.

Venice HELMS.

7 Div. 435.

Supreme Court of Alabama.

Oct. 29, 1959.

Clarence Simmons, Jr., Gadsden, for appellant.

Hugh Reed, Jr., Centre, for appellee.

SIMPSON, Justice.

This is an automobile damage suit growing out of a collision of defendant's truck with a truck in which plaintiff was riding as a passenger. The case went to the jury on Count 1, charging simple negligence. From a judgment for the plaintiff, the defendant appeals.

A procedural problem must first be disposed of. Appellee has filed a motion to dismiss the appeal or affirm the judgment on two grounds: (1) That errors were not assigned in the transcript, as required by Revised Rule 2 of this court, Code 1940, Tit. 7 Appendix; and (2) A copy of the order of the judge extending the time for filing the transcript in the case was not filed by the appellant in this court within five days from the date of such order, as provided in the last sentence of Revised Rule 37, as amended. In the circumstances disclosed by the record we are invoking our discretion and overruling the motion. The attorney for appellant has, in our opinion, shown sufficient excuse for his ineptitude in both assigning errors and failing to file the judge's order.

With respect to the assignments of error, he did assign errors on separate sheets of transcript paper, but they were not bound with the record. When the record was called to his attention, he asked permission of this court to write the assignments on the transcript, which we permitted to be done before submission of the cause. We have held that prescriptions of Rule 2 are directory. We have not held appellants to a strict accountability under Rule 2 when the appellee has not been prejudiced by failure to strictly comply. Appellee's attorney was duly served a copy of the assignments of error along with appellant's brief prior to submission, and no prejudice to the appellee is made to appear.

As regards failure of appellant to file the order of the judge's extension within five days, there was likewise no prejudice to the appellee. This portion of Rule 37 is also directory and is for the purpose of informing this court as to the status of the appeal and whether or not the judge has in fact extended the time. In the instant case, the judge did extend the time within the prescriptive period of the rule and appellee's counsel were duly notified. We, therefore, hold that the motion to dismiss is overruled.

We might observe that, even though we are writing to an affirmance, we have thought it wise to give our construction of the foregoing rules, since they have not been written on before.

### On The Merits.

The facts briefly are: Plaintiff's husband, driver of one of the trucks, sought to pass another truck, driven by defendant's agent, on a much traveled highway in Cherokee County. According to the evidence on behalf of the plaintiff, her husband sought to pass the truck of the defendant, but without any warning or signal of any kind, the defendant's truck turned across the highway to go into the driveway of a dairy, thereby causing the driver of the truck in which the plaintiff was riding as a passenger to take to the ditch in order to avoid a collision. When this happened the plaintiff was thrown from the vehicle and was seriously and permanently injured.

One of the main insistences of appellant is that the court erred in allowing Highway Patrolman Reynolds, who investigated the accident, saw the parties and the vehicles involved in the accident, and the manner in which the defendant's truck was loaded, to testify that an arm signal from the defendant's truck could not be seen by anyone who was in the rear of the truck. Appellant argues that this evidence was erroneously admitted under such authorities as Alabama Great Southern Railroad Co. v. Bishop, 265 Ala. 118, 89 So.2d 738, 64 A.L.R.2d 1190, holding to the effect that such a matter inquired about was not the subject of expert opinion. We think the appellant misconceives the import of the inquiry. The question posed did not seek expert opinion evidence but merely to prove a fact. The witness' opinion was based upon his personal inspection, observation, and knowledge, and his answer was, therefore, admissible. Simmons v. Cochran, 252 Ala. 461, 41 So. 2d 579, and cases cited.

Appellant argues error in the refusal of requested written Charge 13, which merely stated the substances of one of the sections of the Rules of the Road. The charge was merely an abstract statement of the law and therefore was refused without error.

Refused Charge 7 charges the jury that the plaintiff could not recover if the driver of the truck in which the plaintiff was riding failed to give a proper warning signal when he attempted to pass the defendant's motor vehicle. The charge is obviously bad in that the plaintiff was a guest in her husband's truck and there is nothing to show that she could be chargeable with the contributory negligence of the driver. Moore v. Cruit, 238 Ala. 414, 191 So. 252.

Charges 14, 15, and 18 were correctly refused because knowledge of a defect such as the brakes of an automobile is not of itself contributory negligence. The issue must be submitted to the jury. Pankey v. City of Mobile, 250 Ala. 566, 35 So.2d 497; Thomas v. Carter, 218 Ala. 55, 117 So. 634, 637; Moore v. Cruit, supra; McGeever v. O'Byrne, 203 Ala. 266, 82 So. 508.

Charges 8 and 9 were correctly refused if for no other reason than because their substance was covered in the court's oral charge and given Charge No. 5.

**12**

The court has given careful attention to the argument of appellant supporting the assignments of error and has concluded that no error to reverse is made to appear.

Affirmed.

LIVINGSTON, C. J., and GOODWYN and MERRILL, JJ., concur.