173 So.2d 781

**CITY OF MONTGOMERY**

**v.**

**Nellie JONES.**

**3 Div. 36.**

Supreme Court of Alabama.

March 18, 1965.

Rehearing Denied April 22, 1965.

Thos. F. Parker, Parker & Salmon, Montgomery, for appellant.

Truman Hobbs, Godbold, Hobbs & Copeland, Montgomery, for appellee.

LAWSON, Justice.

This suit was filed in the Circuit Court of Montgomery County by Nellie Jones against the City of Montgomery and D. H. Hammond, doing business as Hammond Heating & Plumbing Company, to recover damages for personal injuries which plaintiff sustained when she stepped into a hole in a sidewalk.

Plaintiff's amended complaint consisted of two counts, A and B. In Count A the plaintiff charged each defendant with creating the hole in the sidewalk. In Count B plaintiff charged defendant Hammond with creating the hole and defendant City with failing to remedy it after notice or after the same had existed for such unreasonable time as to raise a presumption of knowledge of the defect. Both counts averred that plaintiff received her described injuries and damages as a proximate result and consequence of the negligence of the defendants.

The defendants filed separate pleas of the general issue in short by consent in the usual form.

The jury returned a verdict in favor of the defendant Hammond and against the defendant City. The City's motion for a new trial having been overruled, it has appealed to this court.

The argued assignments of error present for our consideration the action of the trial court in giving certain written charges requested by the plaintiff and by the defendant Hammond and in refusing certain written charges requested by the defendant City, and the action of the court in overruling the grounds of the motion for new trial which take the point that the verdict is excessive.

Inasmuch as the City does not contend that the evidence was not sufficient to take the case to the jury or that the trial court should have granted a new trial on the ground that "the verdict is contrary to the great weight and preponderance of the evidence * * *" we will not encumber this opinion with a detailed statement of the evidence.

The written charges dealt with herein appear in the report of the case.

Charge 1 given at the request of the plaintiff could have been refused without error because it is abstract. Moore v. Cooke, 264 Ala. 97, 84 So.2d 748. But it states a correct principle of law. City of Tuscaloosa v. Fair, 232 Ala. 129, 167 So. 276; City of Bessemer v. Brantley, 258 Ala. 675, 65 So.2d 160. We have said that the giving of an abstract charge does not necessarily require a reversal. Robinson v. Crotwell, 175 Ala. 194, 57 So. 23; Marbury Lumber Co. v. Westbrook, 121 Ala. 179, 25 So. 914; McCutchen v. Loggins, 109 Ala. 457, 19 So. 810; Jacks v. City of Birmingham, 268 Ala. 138, 105 So.2d 121. It is not in conflict with the oral charge or any given charge. One of the criticisms directed at the charge by the defendant City is that it left the jury with the impression that the City had a duty "to use care to repair a defect in a sidewalk without regard to any consideration as to notice of the defect; * * *" True, the duty defined in Charge 1 is based on the responsibility and accountability of the City to remove the danger in a public way only after receiving actual notice of its existence, or after it has remained for such length of time and under such circumstances that the law will infer that the defect ought to have been discovered and remedied. See Jacks v. City of Birmingham, supra. But if the defendant City thought Charge 1 to be misleading or incomplete in the respect indicated, it should have requested an explanatory charge. Jacks v. City of Birmingham, supra.

We do not think the charge assumes a defect in the sidewalk. It simply states a correct abstract principle of law.

Charge 4 given at the request of the plaintiff, although in a somewhat different form, states substantially the same principle as that contained in Charge 1. The giving of that charge does not, in our opinion, constitute reversible error.

■ The defendant City asserts that the trial court erred to a reversal in giving at the request of the defendant Hammond two charges numbered IV and V. We have held that under the broad language of § 273, Title 7, Code 1940, one of several defendants may assign as error the giving of written charges requested by a codefendant. Watt v. Combs, 244 Ala. 31, 12 So.2d 189, 145 A.L.R. 667. Charges IV and V state a correct principle of law. Murphree v. Campbell, 266 Ala. 501, 97 So.2d 892; Winfrey v. Witherspoon's, Inc., 260 Ala. 371, 71 So.2d 37; Alabama Power Co. v. Buck, 250 Ala. 618, 35 So.2d 355; Watts v. Montgomery Traction Co., 175 Ala. 102, 57 So. 471. We are unable to understand how the giving of these charges could possibly have worked injury to the defendant City. The violation of the ordinance or ordinances was charged to the defendant Hammond and if anyone was prejudiced by the charges in question it was the plaintiff, not the City.

■ The defendant City was permitted to introduce in evidence and read to the jury §§ 16, 17, 18, 19 and 20 of Chapter 32 of the Montgomery City Code. Then the defendant sought to have the court give its Charges 16, 17, 18, 19 and 20, which merely quote the above-mentioned sections of Chapter 32 of the Montgomery City Code. The court's refusal to give each of those charges is assigned as error. There is no merit in the assignments. While we think the trial court could have given the charges without error, we do not think under the circumstances of this case that their refusal should work a reversal. See Mitchell v. Helms, 270 Ala. 8, 115 So.2d 664.

■ In Montgomery St. Ry. Co. v. Smith, 146 Ala. 316, 39 So. 757, it was held that Charge 25 in that case, which is very similar to the City's refused Charge 9, should have been given for the reason that if the plaintiff knew of the dangerous excavation in the street, or had reason to believe that it existed, it was her duty, on approaching the place, to look for it and avoid it.

But we do not believe that the refusal of Charge 9 should work a reversal of this case, for there is no evidence pointing to the fact that plaintiff knew of the hole in the sidewalk or had reason to believe that it existed. Plaintiff testified that she did not know of the existence of the hole and there is no evidence to the contrary. Plaintiff did not live in the neighborhood where she was injured, and while the evidence tends to show that she had previously used the sidewalk in question, it also shows that she had not used the sidewalk where the hole had been dug for approximately a year and the hole was created no more than five weeks before plaintiff was injured.

■ There is another reason why the refusal of Charge 9 should not work a reversal of this cause. It predicates a verdict against the plaintiff upon the existence of certain facts, such as "if there was sufficient light thrown on the sidewalk in question the defect or hole in question would have been revealed," but it does not go further and limit the consideration of such facts to the evidence and reasonable inferences deducible therefrom. We have said that without being predicated upon the evidence, neither the giving nor the refusal of a charge so worded will, as a rule, work a reversal. Walls v. Decatur Fertilizer Co., 215 Ala. 426, 111 So. 214; Shelby County v. Hatfield, 264 Ala. 488, 88 So.2d 842; Parker v. Williams, 267 Ala. 12, 99 So.2d 210.

Charges 14 and 15 requested by the defendant City were refused without error by the trial court for the reason, if for no other, that they are abstract. Motor Terminal & Transportation Co. v. Millican, 244 Ala. 39, 12 So.2d 96. As shown above,

there is no evidence tending to show that plaintiff knew of the hole in the sidewalk. In the case of City of Birmingham v. Edwards, 201 Ala. 251, 77 So. 841, relied upon by the City, it was pointed out that " * * * the testimony for the plaintiff clearly discloses that she knew of the defect and its danger of tripping the pedestrian; and it is clearly to be inferred from her testimony that her fall was due to her inattention or forgetfulness. * * * " (201 Ala. 255, 77 So. 845)

In regard to refused Charges 14 and 15, as well as refused Charge 9, we observe that written charges given at the request of the defendant City afforded it all, if not more than, it was entitled to in regard to the law of contributory negligence as applied to the facts of this case.

■ The plaintiff, a fifty-year-old colored woman, worked as a domestic servant before her injury. The jury awarded her the sum of $16,000. The defendant asserts that the verdict is excessive and the trial court erred in not granting the City a new trial on the ground of excessiveness.

We will summarize as briefly as possible the evidence as it relates to plaintiff's injury and damage.

Plaintiff was injured on the night of February 26, 1961. She was taken by ambulance to a hospital where she remained thirty-four days. She underwent surgery.

Dr. Elias N. Kaiser, the orthopedic surgeon who performed the three-hour operation, explained it to the jury. He stated that the injury was a comminuted fracture, consisting of several fragments. The knee joint was fractured and the cartilage was so seriously damaged that it had to be removed. This type of injury is extremely painful. The pain continues for a long period of time but is eased to some extent when the leg can be placed in a cast. In plaintiff's case the surgery and cast had to be delayed because of her general physical condition.

Dr. Kaiser testified: "Because of the fracture having gone vertically right into the joint, we had to bring that width back into some normal relationship, and we used a through and through threaded bolt that has washers and nuts on either side." The washers and nuts will remain permanently in the leg unless they cause irritation, in which event surgery could be performed to remove them.

After the operation plaintiff's leg was kept immobile for approximately ten days and under observation for possible hemorrhage or other complications. Ten days after the operation the leg was put in a cast. It remained in the cast for approximately five months. A brace was then applied. Dr. Kaiser testified that in his opinion plaintiff would have to wear the brace permanently because of the lateral instability of the knee from ligament damage. Plaintiff had to use a walker for about nine months in connection with the brace. After she discontinued the use of the walker she began to use crutches and was using them at the time of trial except in her home.

The plaintiff had worked all her life. She has only a fourth-grade education. Plaintiff's weekly earnings were small. She averaged earning only about $22 a week and her meals working as a maid and cleaning woman. Since the accident the evidence shows that she had earned a total of $2.00. Dr. Kaiser also testified that in his opinion plaintiff will develop arthritis in her knee as the result of the injury and that she had a thirty percent total disability.

We will not undertake to analyze and compare the cases relied upon by the defendant City in support of its position that the verdict is excessive, or those relied upon by plaintiff in her brief for the purpose of showing that the verdict is not excessive.

After a careful consideration of the testimony as it relates to the nature of plaintiff's injury, her loss of earning power, and the pain and suffering which she has

**624**

endured and will no doubt have to endure in the future, we are unwilling to disturb the verdict of the jury. We cannot say that the amount of the verdict is so excessive as to be indicative of prejudice, passion, partiality, corruption or mistake on the part of the jury. Southern Railway Co. v. Stallings, 268 Ala. 463, 107 So.2d 873; Southern Railway Co. v. Smith, 268 Ala. 235, 105 So.2d 705; Roberts Construction Co. v. Henry, 265 Ala. 608, 93 So.2d 498.

The trial court saw and heard the witnesses and it was in a better position than this court to determine whether the damages assessed by the jury were excessive and it declined to disturb the amount of the verdict. Southern Railway Co. v. Smith, supra.

The judgment of the trial court is affirmed.

Affirmed.

LIVINGSTON, C. J., and GOODWYN and COLEMAN, JJ., concur.