223 So.2d 279

**BIRMINGHAM BAPTIST HOSPITAL**

v.

**Robert H. ORANGE.**

**6 Div. 486.**

Supreme Court of Alabama.

May 8, 1969.

Wm. Gerald Stone and Huey, Stone & Patton, Bessemer, for appellant.

Jas. L. Shores, Jr., Clifford Emond, Jr., F. Eugene Wirwahn, Johnston & Shores and Emond & Emond, Birmingham, for appellee.

MERRILL, Justice.

Appellant appeals from a judgment against it for personal injuries received by appellee as a result of an operation. The verdict was for $600,000; the trial court granted appellant a new trial unless there was a remittitur of damages in excess of $425,000, and appellee filed the remittitur.

Assignments of error 8 through 20 are concerned with the overruling of appellant's objections to the sustaining of challenges for cause by appellee of seven different jurors, all of whom were members of the Baptist Denomination.

After hearing an explanation of the relationship of the appellant Hospital to the Birmingham Baptist Association, individual Baptist churches and their members; that the members of the separate Baptist churches affiliated with the Birmingham Baptist Association send "delegates" to the annual meeting of the Association; that the Association elects trustees of the Hospital, which is a non-profit charitable organization; that there is no contractual relationship between the members, churches, Association and the Hospital; that all con-

162

tributions are voluntary; and the trustees operate the Hospital, the trial court stated:

"I am inclined to think that a member of a Baptist church which sends a delegate, or was in the habit of sending delegates to the Birmingham Baptist Association now are, at the present time, disqualified on the grounds that he is a participant in the managing of the hospital."

It was then ascertained that the plaintiff was a Baptist. After further colloquy, the record shows:

"MR. STONE: Now, as I understand it, your Honor, is going to hold that the members of the Baptist church are not qualified to sit on this case.

"THE COURT: I think so, provided that they are a member of a church which is now standing in the membership of the Birmingham Baptist Association."

Later, the trial court asked all jurors who were members of Baptist churches which send delegates to the Birmingham Baptist Association to stand and none stood. Then appellant stipulated that certain named Baptist churches, of which certain jurors said they were members, were affiliated with the Birmingham Baptist Association based upon the "Annual" of the Association published in 1965.

Assignment of error 10, argued first by appellant, reads:

"The Court erred in overruling this defendant's Objection to the Challenge of the Plaintiff of William Herschell Crook, who was on the panel from which the jury was to be struck for the trial of this cause, because he was a member of a Baptist Church affiliated with the Birmingham Baptist Association to which such Church of which he was a member sent delegates."

Mr. Crook, the prospective juror, first joined the Berney Points Baptist Church about forty years ago, but for the past twenty-five years he has attended the West End Baptist Church about once a year. He is not a member of that church and, consequently, had no right to vote on the business of the church and he has not done so. If any delegates went to the said Birmingham Baptist Association he did not know who they were. He did not know any of the trustees of this defendant. He never voted to elect any of them and never exercised any supervision or control over them or this defendant. The fact that he held a membership in the Berney Points Church, which might have been sending delegates to the Birmingham Baptist Association who may have voted to elect the trustees of this defendant, would not in any way influence or bias his decision in considering the evidence in this case. He knew of no reason why he could not render a fair and impartial verdict in the case.

Jurors East, Gray, Houston, Leonard and Mitchell were examined individually and each testified in substance as follows: That they did not know whether their church was a member of said Association or whether it sent delegates to said Association; that they never recalled voting for any delegates to the Association; that they did not have anything to gain or lose as to whether a verdict was rendered for or against this defendant; and if their church did in fact send delegates to said Association such would not in any way affect their ability to sit on the case and judge the evidence fairly and impartially without regard for the parties involved. None of them knew of any reason why they might be biased or prejudiced in any way for or against any of the parties. Appellee's challenge for cause was sustained as to each of the six-named jurors over appellant's objection.

A regular panel of twenty-four jurors, plus sixteen "extras," made up the list from which the jury would be chosen for the trial of this case. The cause for which each of the six jurors was challenged was "because he is a member of the Baptist church which is a member of the Baptist Association."

On the final panel of twenty-four names from which the jury was finally selected were eight Baptists, of whom five were members of Baptist churches which were affiliated with the Birmingham Baptist Association. Three of these were struck, leaving five Baptists on the jury which tried the case, and two of those were members of Baptist churches affiliated with the Birmingham Baptist Association.

■■■■ The fact that jurors subject to challenge for cause are on the list from which the jury is chosen or that they serve on the jury is not reversible error, because a party may waive his right to challenge for cause if he so desires. Hudson v. Stripling, 261 Ala. 196, 73 So.2d 514, and cases there cited.

Here, we are concerned with the six jurors who were challenged for cause over appellant's objection merely because they were members of Baptist churches which were affiliated with the Birmingham Baptist Association which in turn elected trustees of the Birmingham Baptist Hospital.

The law governing a situation like this, involving church membership only of jurors, is set out in Tucker v. Houston, 216 Ala. 43, 112 So. 360, where this court said:

"Birmingham College, now known as Birmingham—Southern College, a Methodist institution, was named in the will of deceased as residuary legatee, and this made it the largest beneficiary under the will: Appellants sought to challenge a number of jurors on the ground that they were members of the Methodist Church. As members of the Methodist Church, these jurors had no pecuniary interest in the issues involved, and the court committed no error in overruling appellants' objection to these jurors. Ex parte State Bar Association, 92 Ala. 113, 8 So. 768 [, 12 L.R.A. 134]; Burdine v. Grand Lodge, 37 Ala. 478."

Appellee argues that the *Tucker* case does apply because this merely affirmed the exercise of the discretion of the trial court and states in brief "* * * this Court has never reversed for the exclusion of jurors who might have some possible bias. There have been reversals only where the jurors were not excluded, and not always in those cases." Appellee evidently overlooked Albright and Wood, Inc. v. Wallace, 274 Ala. 317, 148 So.2d 240. There, we held that the finding that juror Williams was subject to challenge for cause was erroneous, and overruling the defendant's objection to plaintiff's challenge for cause was error, and we said:

"We are not persuaded that this action was error without injury. Under our system of selecting a jury in a civil case, the clerk furnishes a list of jurors from which a jury must be obtained by the parties or their attorneys alternately striking one from the list until only twelve remain on the list, the party demanding the jury commencing. § 54, Title 30. It would scarcely be contended that a party was not prejudiced if the opposite party, on his first strike, were permitted to begin by striking two names instead of one, and thereafter the parties struck one each. Such is the result of sustaining plaintiff's challenge to juror Williams, The effect is to allow plaintiff one strike more than the statute gives him.

"Whether the trial be in a circuit with more than two judges or not makes no difference. In either case, the challenger is enabled to eliminate the unwanted juror without using a strike, although the juror is not disqualified."

The record in the instant case shows no facts or evidence to show that jurors Crook, East, Gray, Houston, Leonard or Mitchell were in fact biased in favor of or against either party and after each was separately and closely examined, there was positive evidence that none was so biased.

■■■■ We hold that the trial court committed reversible error in overruling the

objection of the defendant to plaintiff's challenge for cause. The mere fact that the jurors were Baptists, and members of Baptist churches which were affiliated with the Birmingham Baptist Association, which elected trustees to manage Birmingham Baptist Hospital was not a proper ground for challenge for cause.

The following five paragraphs refer to no reversible error, but to errors in nomenclature concerning some affairs of churches belonging to the Baptist Denomination and affiliated with local Associations, the Alabama State Baptist Convention and the Southern Baptist Convention. The other members of the court concurring in this opinion are not so well versed in Baptist affairs that they desire to be bound by these paragraphs, but they are willing for the author of this opinion, the only Baptist member of the Supreme Court, to explain Baptist affairs to the extent that the correct terminology may be used in the event of another trial.

The trial court asked an attorney, a Baptist, and not connected with the case, to "relate the relationship between a member of the Baptist Church and the Birmingham Baptist Hospital, Inc., an Alabama corporation."

The witness: "The trustees of that corporation are elected by the Birmingham Baptist Association which is made up of delegates who are members of congregations of a number of Baptist churches in the Birmingham Baptist, Jefferson County community."

From that moment on, the court, all parties, counsel and witnesses used the word "delegates."

Unfortunately, there was error in both the question and the answer. There is no such thing as "The Baptist Church" in the sense that one may speak of "The United Methodist Church" or "The Presbyterian Church." It would be correct to refer to a building as "the Baptist Church" if it were the only Baptist church in a community, but no one belongs to "the Baptist Church." A Baptist church, such as the ones with which the court was concerned here, is one local congregation, free, independent and autonomous. No church or group of churches has any authority over any other church. But because together, these churches could accomplish their aims in missions, evangelism, education and hospital care better than each church acting singly, they joined forces as The Baptist Denomination in city and county associations, State Conventions and The Southern Baptist Convention.

To attend the meetings of these associations or conventions, the churches elect or select "messengers," not "delegates." A definition of "delegate" is "one sent and empowered to act for another," Webster's New International Dictionary, Second Edition. Baptist churches are so careful to preserve their independence of bodies with which they are affiliated, that they send messengers, not delegates. The messenger is authorized to tell of the aims, hopes, efforts and progress of his church, and is entitled to vote on matters coming before the association or convention, but he is powerless to bind his local church, irrespective of how he may have spoken or voted on any issue. When he returns to his church, the messenger may report on what the association or convention did, but no action of the association or convention is binding on a local church. Most local churches voluntarily go along with association-convention projects and programs, but the associations and conventions cannot require a local Baptist church to take any action or to support, financially or otherwise, any program or project. Likewise, a local Baptist church cannot require one of its members to support, financially or otherwise, any of its projects or programs. The entire structure is supported by voluntary cooperation of Baptists.

We mention another assignment of error, appellant's assignment No. 227 in this case, which includes appellee's No. 1 in Orange v. Shannon, 284 Ala. 202, 224 So.2d 236, in

which both parties excepted to that part of the court's oral charge which follows:

"There is no evidence in the case warranting a finding by you, gentlemen, and therefore, you are not authorized to find either that The Birmingham Baptist Hospital or that Dr. Shannon was guilty of negligence while the plaintiff was in the operating room.

"Wherefore, if you are reasonably satisfied by the evidence that the plaintiff sustained all of the damage to his brain while he was in the operating room, your verdict should be for the defendants."

This assignment is treated fully in Orange v. Shannon, supra, and we will not discuss it here except to answer appellee's argument that appellant cannot be heard to complain about the charge.

In Caudle v. Birmingham Electric Co., 247 Ala. 34, 22 So.2d 417, we approved the statement that " 'Defendant may also show under the general issue that the injury was caused by the negligence of a third person, for whom he was not responsible, * *.' " After stating the tendencies of the evidence, we further stated: "Under the foregoing proof, the jury clearly had the right to find that the acts of the driver of the automobile were the sole proximate cause of the collision and the motorman was not guilty of negligence."

Title 7, § 270, Code 1940, provides:

"The court may state to the jury the law of the case, and may also state the evidence when the same is disputed, but shall not charge upon the effect of the testimony, unless required to do so by one of the parties."

The part of the oral charge to which exceptions were taken were not requested in writing but was given by the trial court ex mero motu.

We have held that under the broad language of Tit. 7, § 273, one of several defendants may assign as error the giving of written charges requested by a codefendant. City of Montgomery v. Jones, 277 Ala. 617, 173 So.2d 781; Watt v. Combs, 244 Ala. 31, 12 So.2d 189, 145 A.L.R. 667. Certainly the same rule should apply when an affirmative charge is given ex mero motu by the trial court in the oral charge.

And we have held a charge peremptorily excluding one theory of plaintiff's case which is supported by a scintilla of evidence is bad, and it is reversible error to give the same. Lambe v. Birmingham Electric Co., 244 Ala. 333, 13 So.2d 579; Prince v. Bryant, 274 Ala. 134, 145 So.2d 837.

One of defendant's theories was that plaintiff suffered the brain damage during the operation at which time Dr. Shannon was in charge; that there was evidence to support this theory; that the trial court not only refused to give its requested written charges to the effect that it would not be responsible if Dr. Shannon's negligence was the sole proximate cause of plaintiff's injuries, but ex mero motu gave the affirmative charge in favor of Dr. Shannon.

Appellant's other argued assignments of error deal principally with evidentiary matters or questions which possibly would not arise on another trial.

Reversed and remanded.

LIVINGSTON, C. J., and LAWSON and HARWOOD, JJ., concur.