284 So.2d 263

**Griffin H. TRAYLOR**

**v.**

**Troy BUTLER.**

**SC 435.**

Supreme Court of Alabama.

Sept. 27, 1973.

Lewis H. Hamner, Jr., Roanoke, for appellant.

Dixon, Wooten, Boyett & McCrary, Talladega, for appellee.

HARWOOD, Justice.

The plaintiff received severe injuries when the defendant's pick-up truck collided with a tractor and "wagon trailer" the plaintiff was driving near an intersection of a dirt road and a hard surfaced road. In his complaint, the plaintiff claimed damages of $50,000.00. A jury trial resulted in a verdict for the defendant. Thereafter the plaintiff perfected this appeal.

The evidence presented by the plaintiff tended to show that he had been hauling watermelons from a patch north of the site of the accident down to a triangle formed by the intersection of two hard surfaced roads and a dirt road which angled from one of the hard surfaced roads to the other. The plaintiff would unload the watermelons under a tree growing in the triangle and sort them by size. As he was driving northward on the dirt road, the accident happened when he entered the hard surfaced road from the dirt road.

Because essential to the question of whether the court erred in giving certain written charges at the defendant's request, an understanding of the intersecting roads at the site of the accident is necessary.

County Road 82 runs roughly east and west. Another road, which we assume to be a county road since it is hard surfaced, runs north and south, and dead ends into County Road 82. The plaintiff's home is on the south side of County Road 82 at this intersection. Some 400 feet north of this intersection, a dirt road leaves the hard surfaced road which runs north and south and runs in south westerly direction until it intersects County Road 82 at a point some 200 or 300 feet west of where the hard surfaced road intersects County Road 82.

This dirt road is designated in various ways in the questions propounded and the answers given. In questions to Officer R. B. Stewart, a witness for the plaintiff, on cross-examination, the dirt road was referred to as a "field road." In most of the questions and answers throughout all of the examinations, the road is designated as the "dirt road," or "old dirt road," or the "little dirt road."

We note, however, that on cross-examination Crawford Rice, 58 years of age, a wit-

ness for the defendant, testified as follows as to the nature of this road:

"Q. That dirt road is a public road?

"A. It was at one time.

"Q. Well its still open, isn't it?

"A. Yes.

"Q. Automobiles can run through there, and a tractor?

"A. Yes.

"Q. In fact, before they paved the road down to the dead end, practically everybody going to Newell cut down that way?

"A. Had to, it was the only way to go.

"Q. And now they paved it, so it runs straight in instead of into the curve, but some people can still go that way if they want to?

"A. That's right."

The plaintiff in answer to a question on cross-examination as to how long it had been since the dirt road had been used by the public, testified:

"It has never been closed down."

The evidence presented by the plaintiff was directed toward showing that as he approached the north and south hard surfaced road from the dirt road, he brought his tractor to a stop, stood up in it and looked to his left (north) and to his right (south). He could see some 500 feet to the top of a hill as he looked to his left, and some 400 feet to the south where the hard surfaced road dead ended into County Road 82. He saw no approaching traffic and proceeded onto the hard surfaced road. As he got onto the road to cross over to the right lane, he saw defendant's truck top the hill to his left. The defendant's truck skidded as it approached, crossed from defendant's right lane and skidded into the tractor and then into the trailer.

The tendency of the defendant's evidence was to the effect that the plaintiff did not stop at the intersection of the dirt road and the hard surfaced road, but drove into and almost across it before the collision. The defendant testified:

"I was coming from Pine Hill, I come over the hill, and I saw him pulling out of the roadway, and I thought he would stop, but he didn't stop, he was looking just as straight across that road as I am looking at you, and when I saw him pull on in the road, then's when I locked my wheels, I had put on my brakes, and then I let off, straightened out, then I put on my brakes again and skidded into him."

■ Only two categories of alleged errors are asserted on this appeal. One category pertains to two closely related rulings of the court in sustaining the defendant's objections to questions propounded to plaintiff's witness, William E. Traylor (plaintiff's son), relative to skid marks on the highway. It is unnecessary to consider these rulings since the record shows that State Trooper R. B. Stewart, who arrived at the scene shortly after the accident, testified in detail as to skid marks leading from the point of impact, their length, etc. According to Stewart, these skid marks extended some 158 feet back from point of impact. Other witnesses testified as to the skid marks, even including the defendant. The existence of the skid marks was a proven and uncontroverted fact in the case, and in no event could the plaintiff been prejudiced by the rulings made during the testimony of William E. Traylor. Jordan v. Capers, 222 Ala. 197, 131 So. 557; Sup. Ct. Rule 45.

The second category of asserted errors relate respectively to four written charges given the jury at the defendant's request. These charges are as follows:

"1. I charge you Gentlemen of the Jury that the driver of a vehicle entering a public highway from a private road

or drive shall yield the right of way to all vehicles approaching on such public highway.

"2. I charge you Gentlemen of the Jury that a field road leaving or entering a highway under the law would have the same classification and would be considered as a private road.

"3. I charge you Gentlemen of the Jury that it is contrary to the rules of the road, that one is using the Highways of the State of Alabama to cross and recross said Highway from a private road without regard to the traffic and use of said Highway.

"6. I charge you Gentlemen of the Jury that Tractors with trailers attached thereto are not permitted or allowed to cross and criss cross the public highways in one continuous movement in the face of approaching traffic lawfully on the highway."

In Rodgers v. Commercial Casualty Ins. Co., 237 Ala. 301, 186 So. 684, a "highway" denotes " 'every thoroughfare which is used by the public, whether it be a carriageway, a horseway, a footway, or a navigable river.' [Citations omitted] And a public highway is one opened to the general public use, though it is the right to travel upon the highway by all the world, and not the exercise of the right which ·makes the way a highway, nor is its character determined by the number of persons who actually use it for passage. 29 Corpus Juris 363; Ritter v. Hewitt, 236 Ala. 205, 181 So. 289."

In Sec. 1(30), Title 36, Code of Alabama 1940, "Private road or driveway" is defined as "Every road or driveway not open to the use of the public for purposes of vehicular traffic."

The only reasonable inferences from the evidence submitted below were that the dirt road from which the plaintiff exited onto the hard surfaced road was at one time a portion of the old highway, and that when the road was hard surfaced a deviation from the old road was made in order to dead end into County Road 82 at a different place from where the dirt road intersected County Road 82. However, the dirt road remained, and according to the undisputed evidence, was still used by those members of the public so desiring. There is no evidence in the record showing that the dirt road was ever closed or vacated under the provisions of Secs. 26 through 29, Title 56, Code of Alabama 1940, nor in any other manner.

There is an ancient maxim "Once a highway, always a highway." While we have not found an Alabama case specifically quoting this maxim, we do find it acknowledged in effect in Purvis v. Busey, 260 Ala. 373, 71 So.2d 18, wherein this court held that notwithstanding the fact that a public roadway had been altered by construction of a new road, and the old road had been put in partial cultivation, and was no longer kept in repair by the county authorities, the old road did not thereby lose its character as a public way. It was further held that the burden is upon the party asserting the abandonment of a public way to show such fact by clear and satisfactory evidence. As before stated, the record in the present case is devoid of any evidence tending to show that the dirt road, formerly constituting a part of a public highway, and in fact still usable by the public, was ever abandoned.

We hold, therefore, that under the evidence it must be concluded that the dirt road out of which the plaintiff emerged was a public road.

Defendant's given written charges 1, 2, and 3 must, we think, be interpreted as assuming that the dirt road was a private road.

Further, we think it clear that charges 1, 2, and 3, were abstract in that they are based on facts not appearing in the record, i. e., that the plaintiff emerged from a private road. Further, there was no evidence in the record that the plaintiff had crossed and criss crossed the hard surfaced road with his tractor and trailer. In this sense, defendant's given charge 6 is abstract.

Counsel for defendant-appellee argues, however, that even though the charges given for the defendant be abstract, no reversal should ensue, since the giving of an abstract charge does not necessarily require a reversal, particularly if such charge merely states a correct principle of law, and no explanatory charge is requested. See Jones v. City of Montgomery, 277 Ala. 617, 173 So.2d 781, and cases cited therein.

This principle is, however, inapplicable if from the whole record it appears that an abstract charge misled the jury to an appellant's prejudice. Coulter v. Holder, 287 Ala. 642, 254 So.2d 420, and authorities cited therein.

Charges 1, 2, and 3, were abstract. They were not hypothecated on the jury being reasonably satisfied from the evidence as to whether the dirt road was a private road. The charges convey the impression that the jury could find that the dirt road was a private road, and apply the law accordingly. Klein v. Harris, 268 Ala. 540, 108 So.2d 425.

A driver of a vehicle entering a public highway from a *private road or drive* shall yield the right of way to all vehicles approaching on such public highway. Sec. 19(a), Title 36, Code of Alabama 1940.

Under Sec. 18, Title 36, Code of Alabama 1940, it is provided that when two vehicles approach or enter an intersection (of public roads) at approximately the same time, the driver of the vehicle on the left shall yield the right of way to the vehicle on the right. In the present case, the defendant was the driver of the vehicle on the left.

From a study of this entire record, we think the conclusion is necessitated that the plaintiff (appellant here) was prejudiced by the giving of defendant's requested charges 1, 2, and 3, and that this judgment must be reversed. We see no need to discuss whether the giving of defendant's requested charge 4 was, or was not, prejudicial.

We do not wish to be understood by what we have writen above that we are concluding that a person entering a paved road from a minor road, even though such minor road be a public road, has the right of way in regard to traffic approaching from his left. Such matter must be deemed a question for the trier of fact under all the evidence as applied to the general law of negligence.

Reversed and remanded.

HEFLIN, C. J., and MERRILL, MADDOX, and FAULKNER, JJ., concur.

